# Mayor & Councilmen of Troy *v.* Coleman.

*Action to Recover Damages for Injury to Premises in Opening Ditches in the Streets of a Town.*

1. *Demurrer must be specific.*—A demurrer assigning as a ground "that said complaint does not contain a substantial cause of action," fails to specify any particular in which the complaint so failed, and therefore, under the statute, can not be sustained.

2. *Municipal corporation; acts of; when liable for damage. in ditching, &c.*—A municipal corporation does not act judicially, but its acts are administrative in the construction of ditches, &c., to drain the streets; and if in so doing it concentrates water and discharges it on adjoining lands, whereby the land is washed up and injured, it is responsible in damages for such injury.

3. *Demurrer without consequence.*—A demurrer which discloses no defect in the complaint, is without consequence.

4. *Irrelevant question.*—A question in this case, whether " the water could have any other outlet through plaintiff's lot from the street, unless the Council was to make one," is irrelevant and is properly excluded.

5. *What good defense; rights conveyed by former owner.*—Evidence that "one of the sewers complained of, was put where it is at the request of a former owner," is admissible and is a good defense, because such former owner could not invest his alienee with greater rights than he himself had.

6. *Same ; what will not preclude grantee from recovering damages.*—Such an injury being a nuisance, the mere fact that the former owner brought no action or made no complaint against it, will not preclude a purchaser from him of the right to recover for the damage he may suffer—if by the act of the grantor the lot had not been subjected to a servitude for an outlet to the water of which the streets should be relieved.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. McCALEB WILEY.

This was an action by Robert W. Coleman, appellee, against the appellants.

The appellants opened up and constructed two ditches, or

[Mayor and Councilmen of Troy v. Coleman.]

gutters, along the street running in front of plaintiff's premises, situated in the city of Troy; and built two sewers or culverts to be used for conducting water across and from said street, near to plaintiff's lot, which plaintiff alleges "was done in so careless and negligent a manner as to cause divers large quantities of water to flow at divers times down to, against, upon and into plaintiffs's lot, thereby tearing up and washing away the soil and earth on said premises, to the great injury and damage of the plaintiff."

The case may be fully understood from the opinion.

JOHN D. GARDNER, for appellants.—1. The complaint is entirely uncertain as to whether the plaintiff seeks damages on account of the ditches and gutters, or whether it was for the manner in which they were constructed. In the location of sewers and ditches, &c., the city acts judicially and is not liable.—*City Council of Montgomery v. Gilmer & Taylor*, 33 Ala. 116. The complaint will be construed most strongly against the pleader. Said authority is applicable to the other grounds of demurrer.—See, also, *Wilson v. Mayor of New York*, 1 Den. 595; *Kavanaugh v. City of Brooklyn*, 38 Barb. 232; *Roberts v. Chicago*, 26 Ill. 249.

2. The plaintiff did not have so much as a reversionary interest in the property at the time of the act complained of, and if he did, he must sue as reversioner.—Chitty's Pleadings, 63. As to the continuance of the nuisance, see Ib. 66.

PARKS, and B. F. HUBBARD, *contra.*—1. The demurrers are nothing more than general, and therefore properly overruled.—42 Ala. 672; 34 Ib. 485; 35 Ib. 259; Ib. 722.

2. The corporation was liable for the damage.—*Gilmer & Taylor v. City Council of Montgomery*, 33 Ala. 116, 1st paragraph of opinion.

MANNING, J.—The complaint, in four counts, alleges in different forms, that the appellant, defendant below, had caused certain ditches and sewers to be constructed for the drainage of the town, by which it had collected and concentrated the water in a much larger volume and stronger current than previously, upon the premises of appellee, the plaintiff, and caused the tearing up and washing away of the soil and earth of his lot, to his great damage.

1. A demurrer was filed; after which an amendment was made, adding, after the name of defendant—The Mayor and Councilmen of Troy—the words, " a municipal corporation in the State of Alabama under the laws of the State of Alabama." The first cause of demurrer assigned, did not specify

[Mayor and Councilmen of Troy v. Coleman.]

any particular in which the complaint failed to set forth a substantial cause of action, and, therefore, under the statute on the subject, can not be regarded.

2. The second ground of demurrer is, that the complaint shows that the acts complained of were of a judicial nature, for which defendant can not be made liable. This is a misapprehension. The acts complained of may, as they affected the inhabitants of the corporation, be regarded as administrative, but they are no more judicial, when done by such a body politic, than if they were done by an individual. And, with Judge Dillon in his work on Municipal Corporations (§ 799), "we are unable to assent to the doctrine that, by reason of their control over streets, and the power to grade and improve them, the corporate authorities have the legal right intentionally to divert the water therefrom, as a mode of protecting the streets, and discharge it, by artificial means, in increased quantities, and with collected force and destructiveness, upon the property, perhaps improved and occupied, of the adjoining owner." See, to a like effect, the opinion of Walker, J., in *City Council of Montgomery v. Gilmer*, 33 Ala. 130, and cases there referred to.

3. The third ground of demurrer that the " complaint shows on its face, that defendant is a municipal corporation," discloses no defect in the complaint, and is without consequence. And the other two grounds assigned, are without foundation in the complaint.

4. The interrogatory, whether "the water could have any other outlet through plaintiff's lot from the street, unless the Council was to make one," was irrelevant, and there was no error in sustaining the objection made to it.

5. Appellant proposed to prove, "that one of the sewers complained of by plaintiff," (they seem to have been culverts, rather than sewers, and to have extended only across the street,) "was put there at the request of Joel D. Murphree, who owned said lot at that time," that is, the lot now belonging to plaintiff, to which the damage was done. But the circuit judge ruled that this could not be done. . It seems to us, that in this there was error. If the former owner, who had power to charge the lot with any servitude in favor of the public, expressly authorized the building of one of the structures complained of, in such a situation and manner as that it would naturally turn upon the lot a large portion of the water which they desired to divert from the street, he thereby deprived himself of any right of action against the corporation for that which he, with a knowledge of the consequences to his property, induced the authorities to do. And he could not, by a transfer of the lot to another, invest

his alienee with larger rights than he himself had.   The purchaser would take the property *cum onere*.   As for this error, the judgment will have to be reversed.

6.  It is unnecessary to examine the very numerous charges that were asked of, and given or refused by the court.   We will add only, that, as the matter complained of is in the nature of a nuisance, the mere fact that the former owner brought no action for it, or made no complaint against it, will not preclude a purchaser from him of a right to recover for the damage he may suffer therefrom, if by the act of his grantor, the lot had not been subjected to the servitude of an outlet for the water of which the streets ought to be relieved.   A ruling of this nature, was made by the Supreme Court of Minnesota, in a case very similar to the present.—*O'Brien v. The City of St. Paul*, 18 Minn. 176.

Let the judgment be reversed and the cause remanded.