# Bieker *v.* City of Cullman.

### *Damage to Realty from Overflow.*

(Decided April 11, 1912. Rehearing denied June 29, 1912.
59 South. 625.)

1. *Municipal Corporations; Defective Sewers and Drains; Liability for Overflow.*—A city is liable to property owners for injuries caused by its failure to provide proper drains and sewers, and to exercise reasonable care to keep them in a condition sufficient for the free passage of water in times of rainfall.

2. *Same; Non-Feasance.*—Municipal corporations are agents of the state and are not liable for the mere neglect of its officers or agents, in the absence of a statute fixing and imposing such liability, if there was no negligence in the selection of such agents; hence, a city would not be liable for injuries from a mere failure to abate a nuisance consisting of the bad condition of one of its sewers.

3. *Appeal and Error; Harmless Error; Pleading.*—The sustaining of a demurrer to a count in a complaint was not harmless error where the evidence to sustain such count was not admissible under the remaining count.

4. *Same; Review; Questions Necessary to a Decision.*—Where a case must be reversed on the record proper, there is no necessity for the court to pass upon the sufficiency of the bill of exceptions, or upon the sufficiency of insistence upon assignments of error.

(Somerville, J., dissents.)

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by J. F. Bieker against the City of Cullman. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Count 3 is as follows: "Plaintiff claims of defendant the sum of $200 damages for failure of the defendant, who was at the time a municipal corporation, and as such it was its duty to keep its drains or sewers in a condition sufficient for the free passage of water, and to exercise reasonable care, diligence, and skill in keeping its drain or sewer on or across Fourth street, about 125 feet from plaintiff's lot No. 237, at or near

the Cullman county jail, in the city of Cullman in a condition sufficient for the free passage of water in times of rainfall; and by reason of the failure of the defendant to keep said drain or sewer in a condition sufficient for the free passage of water in time of rainfall the plaintiff was damaged in this: That water backed up in front of said drain or sewer, and was thereby diverted from its natural course and cast in large bodies upon lot No. 237, on or about March 22, 1909, of which lot plaintiff was seised and possessed, whereby a porch on the north side of said lot, which porch was the principal means of ingress or egress to said lot, was washed away, injured, or destroyed; and the foundation, to said building on said lot was rendered insecure, was weakened and greatly damaged by the water cast upon said lot as aforesaid, and part of the surface of said lot was washed away and gulleys were formed therein. And plaintiff avers that said city had notice that said drain or sewer was insufficient for the free passage of water in time of rainfall, to the damage of plaintiff."

Count 4 is the same as count 3, except that it alleges that the sewer became in bad condition by virtue of the accumulation of sand, loose rock, timbers, etc., in the sewer, which impended the free passage of the water, and of which condition the defendant had notice, and failed to remove. The other counts sufficiently appear from the opinion.

EMIL AHLRICHS, and W. T. L. COFER, for appellant. The court erred in sustaining demurrers to count 3.— *Arndt v. City of Cullman,* 132 Ala. 540; *Colbert County v. Bridges,* 86 Ala. 449. The court erred in sustaining demurrer to count 5.—*City of Birmingham v. Land,* 137 Ala. 538. The court erred in sustaining demurrers to counts 7 and 8.—Authorities supra. The natural

[Bieker v. City of Cullman.]

course of water cannot be changed without liability.—
*City of Eufaula v. Simmons,* 85 Ala. 515; *S. A. M. R.
R. Co. v. Buford,* 106 Ala. 303; *C. of Ga. v. Windham,*
126 Ala. 552. Counsel discuss other matters with cita-
tion of authority, but as they are not treated of in the
opinion, it is not deemed necessary to here set them
out.

J. B. BROWN, for appellee. Count 3 does not describe
the alleged defects in the sewer with sufficient partic-
ularity.—*L. & N. v. Jones,* 130 Ala. 470; *Phoenix I. Co.
v. Moog,* 78 Ala. 284; *Ensley R. Co. v. Chewning,* 93 Ala.
24; 28 Cyc. 1465-7. The count does not show that de-
fendant had notice of the defective condition for a rea-
sonable time before the injury.—*Arndt v. City of Cull-
man,* 102 Ala. 547; 28 Cyc. 1467. The count also ex-
acts more than ordinary care.—28 Cyc. 1320. The sus-
taining of demurrer to this count was not injury, if er-
ror, since counts 1 and 4 remained in the complaint.—
*L. & N. v. York,* 128 Ala. 305; *Going v. Ala. S. & W. Co.,*
141 Ala. 537. There was no error in sustaining demurrer
to counts 5, 7 and 8, since the municipal corporation is
not liable for a failure to exercise its power to abate a
nuisance created by some other person.—*City of Bes-
semer v. Carroll,* 154 Ala. 506; 24 Ala. 112; 33 Ala.
132; 36 Ala. 367; 41 Ala. 121; 51 Ala. 148; 60 Ala.
493; 70 Am. Dec. 563; 44 S. E. 712. On these authori-
ties, plea 4 was a good defense, and the court was not
in error in overruling demurrer thereto. Counsel dis-
cusses motion to strike bill of exceptions and other mat-
ters not mentioned in the opinion.

MAYFIELD, J.—The complaint contained eight
counts. Demurrer was sustained as to counts 3, 5, 7, and
8, and overruled as to the others, upon which the case

was tried. The trial resulted in verdict and judgment for defendant city. From that judgment appellant prosecutes this appeal, here assigning as error the action of the court in sustaining the demurrer to each of the counts 3, 5, 7, and 8.

Count 3 was evidently copied from count 9 in the case of *Arndt v. Cullman,* reported in 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922. The record in that case has been examined; and it shows that count 3 is evidently a copy of count 9 in the *Arndt Case.* A demurrer was interposed to count 9, in that case, containing 72 grounds. The trial court, in that case, sustained the demurrer, as did the trial court in this case; but on appeal of the *Arndt Case* this court held that count to be good, and that there was therefore error on the part of the trial court. We see no reason to hold otherwise now, or to overrule that case.

It is insisted that, if error, it was without injury, because plaintiff was entitled to the same relief and damages, under other counts upon which the trial was had, that he could have obtained under this count. To this we cannot agree. We find no one of the counts, to which the demurrer was overruled, that was even practically a duplicate of count 3. Evidence would probably have been admissible under that count that would not have been admissible under any one of the other counts. We are unable to say that this error was without injury.

The demurrer was properly sustained as to the other counts. They sought to recover damages on account of the failure of the city to abate an alleged nuisance. One alternative averment was that the city allowed the nuisance to be maintained. A municipality is not liable to an action at law, by one citizen, to recover damages on account of a nuisance erected and maintained

by another citizen. The mere failure of the city to abate a nuisance created and maintained by a citizen does not render it liable in such action. Municipal corporations are agencies of state government, and as a rule are not liable for mere neglect of officers or agents, in the absence of statutes fixing and imposing such a liability, provided there was no negligence in the selection of such agents.—*Dargan v. Mobile*, 31 Ala. 469, 70 Am Dec. 505.

The Supreme Court of Michigan, in the case of *Hines v. City of Charlotte*, 72 Mich. 278, 40 N. W. 333, 1 L. R. A. 844, a case very much like this, has well expressed the law on this phase of the case, and we believe it is among the leading cases upon this particular feature of the liability of municipalities. We quote: "Municipal officers are in no such sense municipal agents that their negligence is the neglect of the municipality. It is true, if the act which is done by a municipal corporation would be tortious if done by a natural person, the corporation is held liable for it to the same extent, and for the same reason, that the natural person would have been. Here the complaint is that the defendant neglected and refused to act, after having full knowledge that Ruggles proposed to erect a wooden building within the fire limits fixed by the ordinances of the city. The rule is well established, however, not only in this state, but in most of the states, that simply as municipal corporations, apart from any contract theory, no public bodies can be made responsible for official neglect involving no active misfeasance. It is only where corporations have been guilty of some positive mischief produced by active misconduct that they have been held liable, and not from mere nonfeasance, or for errors of judgment. Municipal corporations, under their charters and ordinances, do not become in-

surers of the property within their corporate limits from destruction by reason of the neglect or refusal of their officers and agents to enforce their ordinances. Under the facts stated in the declaration, clearly the plaintiff cannot recover.—*St. Johns v. McFarlan*, 33 Mich. 72 [20 Am. Rep. 671]."

Our own court, in the case of *Smoot v. Wetumpka*, 24 Ala. 112, 119, speaking of a count somewhat similar to the counts in this case, said: "The gravamen of this count, if we rightly understand it, is not that the corporation improperly or carelessly erected the bridge, but that it failed to abate it after the same had become so unsound and rotten as to be a public nuisance. As the bridge was on private property (the count positively negativing the idea of its being on a public highway, and failing to show a public use of it for so long a period as to amount to a dedication of it to the city), if the corporation had torn it down as a nuisance, it would have been liable to the owner of the property in the event it had turned out not to be such, and the resolve of the corporation for its abatement would have furnished to it no protection. But before it could be abated by the city authority, as a nuisance, the question must first be settled by the corporation that it was such nuisance; and this involved the exercise of judicial power, the failure to exercise which properly, in the absence of malice or corrupt intention, constitutes no ground of action. We are of opinion, therefore, that the third count was bad. Unlike the other count, it avers no duty on the part of the corporation to repair the bridge, but places it beyond its jurisdiction, except upon the ground of its being a nuisance."

As the case must be reversed on the record proper, it is unnecessary to pass upon the motion to strike the bill of exceptions, or upon the sufficiency of the insist-

ence, in brief of counsel, as to the assignments of error. The bill, however, is clearly a violation of the rules of this court regulating the form and contents of the bill of exceptions. Except as to the testimony of the plaintiff, it is a mere stenographic report of the trial. It is true that counsel in this case assign reasons for the failure to comply with the rule; but, as the case must be reversed on the record proper, we will not pass upon the motion, nor consider the sufficiency of the assignments, nor the insistence in brief as to the rulings on the bill of exceptions.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, McCLELLAN, and SAYRE, JJ., concur. SOMERVILLE, J., dissents.