# City of Florence, *et al. v.* Woodruff, *et al.*

*Bill to Abate Public Nuisance and for Damage.*

(Decided on Rehearing June 29, 1912. 59 South. 435.)

1. *Municipal Corporation; Obstructing Streets; Nuisance; Abatement.*—A bill lies to enjoin a private party from maintaining a public nuisance in a street in such manner as to illegally interfere with ingress and egress to and from plaintiff's property.

2. *Same; Governmental Duties; Omission to Exercise.*—Municipal corporations are not liable for the omission to exercise, or for negligence in exercising, public governmental duties, such as the abatement of public nuisances; when, however, by charter or statute they are bound to keep their street or other public places in safe condition, they are liable for injury resulting from a willful or negligent failure to do so.

3. *Same; Streets; Defects; Municipal Liability.*—The provisions of section 1273, Code 1907, merely forbid maintenance of defects rendering the streets or other public places unsafe or inconvenient for public use, but creates no liability for injuries not resulting from the use of the highway for travel.

4. *Same; Bill; Sufficiency.*—Where no express authority or license to maintain the scales as a nuisance is shown, a bill stating that the city negligently and willfully refused to abate a nuisance consisting in wagon scales and platforms maintained in a street by a private individual, and that the city, over complainant's protest, had again issued license to such person, well knowing that he would obstruct the streets, etc.. was insufficient to charge the city with liability.

(Mayfield, J., dissenting.)

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

[City of Florence, et al. v. Woodruff, et al.]

Bill by Mollie V. Woodruff and others, against the City of Florence, and another, to abate a public nuisance, and incidentally to recover damages therefor. There was a decree overruling demurrers to the bill, and the respondents appeal and separately assign error after severance. Reversed and rendered as to the respondent city and affirmed as to the other respondent.

GEORGE P. JONES, for appellant Spaulding, and W. H. MITCHELL, and JOHN L. HUGHSTON, for appellant city. The bill was demurrable for failure to show an injury other and different from that suffered by the general public.—*Sloss-S. S. & I. Co. v. Johnson*, 147 Ala. 384. The damages sought to be recoverable are not recoverable in this action.—Wood on Nuisances, sec. 867. The respondent is never called to take issue on what advice complainants have had, and such a statement in a bill renders it bad.—*Jones v. Cowles*, 26 Ala. 612. The city cannot be held liable for an attitude of mere acquiesence and non-activity in a public nuisance.—*Cohen v. Mayor, etc.*, 10 Am. St. Rep. 506. The city was not a proper party defendant as no negligence or wantonness is charged to it in the creation. —*Davis v. Montgomery*, 51 Ala. 139. The city is never liable for the exercise of its governmental agencies, or for a failure to act.—*Smoot v. Wetumpka*, 24 Ala. 112; *Davis v. Montgomery, supra*.

PAUL HODGES, for appellee. The bill sufficiently shows an injury to complainant different in degree and character from that suffered by the public at large.— *Whaley v. Wilson*, 118 Ala. 627, and cases cited. The damages are sufficiently alleged.—*Drake v. Lady Ensley Co.*, 14 South. 752; 21 A. & E. Enc. of Law, 727; *Farris, et al. v. Dudley*, 78 Ala. 129. The maintenance

of an obstruction in a public street is a nuisance per se. —*Costello's Case,* 108 Ala. 45; *Whaley v. Wilson, supra; Hundley v. Harrison,* 123 Ala. 292; *Reid v. City of Birmingham,* 92 Ala. 350. The duty to keep the streets free and clear of obstructions is a positive duty enjoined by law on the municipality which they may not neglect.—*Lord v. City of Mobile,* 21 South. 366; *Birmingham v. Taylor,* 16 South. 576; *Birmingham v. Lewis,* 92 Ala. 352; *Selma v. Perkins,* 68 Ala. 148; *Town of Cullman v. McMinn,* 19 South. 981; McQuillan's Mun. Ord. p. 677; 15 Am. St. Rep. 810; 30 Am. St. Rep. 395.

MAYFIELD, J.—The bill is one to abate a public nuisance and, incidentally, to recover damages in consequence of its maintenance. The nuisance is alleged to consist of scales and platforms in a public street, in the city of Florence, located and maintained at a point immediately in front of two lots of plaintiffs', which abut upon such street, which lots are suitable for and used as business property; it being averred that the lots are rendered much less valuable on account of the location and maintenance of the alleged nuisance. The bill alleges that the scales are owned and operated by the defendant Spaulding, but that this is by permission and under a license from the city of Florence; and that the same are used and operated for public weighing of articles of merchandise and commerce marketed in the municipality; that the defendant Spaulding after request, has declined and refused to remove the obstruction or abate the nuisance; and that the city declines and refuses to attempt to interfere in such unwarranted use of the street, but authorizes and allows the unlawful use of the streets by licensing the said Spaulding to so operate and maintain the public scales in the

streets, thereby illegally interfering with plaintiffs' and the public's ingress to and egress from the said two lots and the buildings thereon. The respondents separately demurred to the bill, and, their demurrers being overruled, they prosecute this appeal.

The bill unquestionably contains equity.—*Sloss Co. v. Johnston,* 147 Ala. 384, 41 South. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; *Albes' Case,* 153 Ala. 523, 45 South. 234; Id., 164 Ala. 356, 51 South. 327; *Tyson v. First National Bank,* 142 Ala. 90, 38 South. 761. These cases fully settle plaintiffs' right to such special damages and injury as will authorize them to maintain this bill, under its present averments, to abate a public nuisance.

A restatement of the principles of law upon which individuals may mantain such a bill as this is unnecessary, because so well and fully stated in the cited cases. Indeed, this bill was evidently filed with these cases in view, and, so far as its equity is concerned, its averments are sufficient.

The law applicable to this concrete case is well stated by Mr. Elliott, in his valuable work on Roads and Streets (3d Ed.) vol. 2, § 836, pp. 263-265, as follows: "The power to authorize obstructions may be delegated to municipal corporations; but, in the absence of a provision in its charter or some general law upon the subject, a municipality has no more right to license or maintain a nuisance than an individual would have; and for a nuisance maintained upon its own property a city is liable, the same as an individual would be. Even where a city is given exclusive power over its streets, such power must be exercised for the good of the general public, and the city cannot authorize obstructions in its streets for merely private purposes. Thus it has been held that a city cannot authorize the

construction of scales in a street for the benefit of a private individual, nor a standpipe for water, nor a building for an electric light plant, nor a voting booth; nor a market which materially interferes with the access of a lot owner, who also owns the fee of the street."

The authorities as to such obstructions in streets are collected in note to *Callanan v. Gilman,* 1 Am. St. Rep. 831, 840-844, and in *Town of Spencer,* 12 L. R. A. 115, and the rules applicable to concrete cases like this are well stated, as follows: "In *Rex v. Russell,* 6 East, 427, where the defendant, a wagoner, was indicted for occupying one side of a public street before his warehouse for loading and unloading his wagons, the court said 'that it should be fully understood that the defendant could not legally carry on any part of his business in the public street to the annoyance of the public; that the primary object of the street was for the free passage of the public, and anything which impeded that free passage, without necessity, was a nuisance; that, if the nature of the defendant's business were such as to require the loading and unloading of any more of his wagons than could conveniently be contained within his own private premises, he must either enlarge his premises, or remove his business to some more convenient spot.' The public have a right to passage over a street, to its utmost extent, unobstructed by any impediments; and any unauthorized obstruction which unnecessarily impedes or incommodes the lawful use of a highway is a public nuisance at common law."

Under the facts averred, the city is certainly a proper party to this bill. Whether it is liable as for damages jointly or severally, or not liable at all, for the erection or maintenance of the alleged nuisance, of course, will depend upon the facts peculiarly within its own knowledge, or that of its officers, and the plaintiffs

show a right to have it answer as to that. The bill sufficiently shows that the city is a proper party to the suit, and its demurrer was not well taken on any ground assigned. Nor was the defendant Spaulding's demurrer well taken as to ground assigned, and the chancellor properly overruled both demurrers.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.

### ON REHEARING.

SOMERVILLE, J.—So far as the city of Florence is concerned, the equity of the bill of complaint must rest upon one of two charges: (1) That the city has "negligently and willfully failed and refused to act in the premises and to abate said nuisance, or in any way prevent said Frank H. Spaulding from exercising his said business of a public weigher, or to abate and remove said obstruction to said street, as requested by your orators, and to prevent said Frank H. Spaulding from maintaining said obstruction to the public street of the city of Florence." (2) That the city, in spite of complainants' protests, "again issued license to him [Spaulding] as such weigher, *well knowing and understanding* that he purposes to occupy and would occupy the same place, and would occupy and maintain his said scales, and so obstruct the public streets of the city, and well knowing the injury and loss that the same would occasion your orators."

Municipal corporations are not liable for omission to exercise, or for negligence in the exercise of public governmental duties. The abatement of public nuisances is such a duty, and for failure or refusal to exercise it municipalities are not liable at the suit of individuals; nor can they be compelled thereto by injunc-

tive or mandatory judicial process. The exception is that, when, by charter or statute, there is imposed upon them the duty of keeping their streets or other public places in safe repair, they must do so at the peril of liability to those who may be injured by their willful or negligent failure. "This duty is performed when the streets are kept in such condition that they are safe and commodious highways, for the use of the public in their passage over them, whether on foot or with vehicles, and free from obstructions."—*Campbell v. City Council of Montgomery*, 53 Ala. 527, 25 Am. Rep. 656.

Section 1273 of the Code of 1907 makes municipalities liable for injuries resulting from their failure to remedy any defect in the streets, alleys, public ways, or buildings, after notice thereof. This, however, means no more than that "there shall not be in the street or highway any defect or imperfection which renders it unsafe or inconvenient *for use* by the public."—*Campbell v. City Council of Montgomery, supra.* There is no liability in this regard for consequential injuries to persons or property, not resulting from the use of a highway for travel.—4 Dill. Mun. Corp. (5th Ed.) §§ 1628, 1629, 1711. In this aspect of the bill, it is clearly without equity.

Nor can the bill be more favorably viewed with respect to the second alternative, above noted. Licensing Spaulding to carry on the vocation of public weigher is quite a different proposition from licensing him to maintain a public or a private nuisance; and, we conceive, the knowledge or understanding of the city council that he intended to do so did not make the city a party to the wrong in such sense as to render it legally responsible therefor. Nothing short of the grant of an express authority or license to Spaulding to operate and

maintain the scales in question, knowing that, as oper-- ated and maintained, they would be a nuisance, or actual municipal participation in the enterprise in some way, would render the city liable to complainants for damages, or authorize injunctive relief against it.— Dill. Mun. Corp. (5th Ed.) § 1630; *Hubbell v. City of Viroqua,* 67 Wis. 343, 30 N. W. 847, 58 Am. Rep. 866. We are therefore of the opinion that the bill was with- out equity as to the city of Florence, and that the city's demurrer should have been sustained.

The judgment of affirmance will be set aside to this extent, and a decree will be here rendered, sustaining the demurrer of the respondent, the city of Florence, to the bill of complaint.

Rehearing granted to city of Florence, and the de- cree of the chancery court reversed and rendered in part.

SIMPSON, ANDERSON, McCLELLAN, and SAYRE, JJ., concur. MAYFIELD, J., dissents. DOWDELL, C. J., not sitting.