# City of Florence v. Woodruff.

*Bill to Remove Obstruction from Street.*

(Decided May 21, 1914. Rehearing denied June 4, 1914. 65 South. 326.)

*Municipal Corporation; Obstructing Street; Municipal Liability; Bill.*—A bill alleging that the respondent city issued to a named person a license as a public weigher, which authorized him to maintain scales with the knowledge that he was then operating such scales at a particular place in such a way as to obstruct a street, but which does not charge that the city licensed him to maintain the scales at that particular place, or gave him any express authority to maintain such scales there, was not sufficient to charge the city with liability.

[City of Florence v. Woodruff.]

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Mollie Woodruff against the city of Florence to enjoin the obstruction of a street. From a decree overruling demurrer to bill as amended, respondent appeals. Reversed, rendered and remanded.

S. W. FRIERSON, for appellant. The amendment did not meet the objections raised by demurrer, and failed to show liability on the part of the city.—*City of Florence v. Woodruff*, 59 South. 436; *Campbell v. City of Montgomery*, 53 Ala. 527; 58 Am. Rep. 866.

PAUL HODGES, for appellee. Under the former opinion in this case, found in 59 South. 435, the amendment met the objection, and was sufficient to fix liability upon the city.—19 S. C. 17; 20 S. E. 302; 80 Am. St. Rep. 719; 61 Ky. 76; 10 Am. St. Rep. 510.

ANDERSON, C. J.—When this case was here upon a former appeal (178 Ala. 137, 59 South. 435), this court held, speaking through Somerville, J., that the bill was without equity as to the city of Florence, there laying down the rule as to the extent of the liability of a municipality for the wrong complained of in the appellee's bill. The amendment charges that the city issued Spaulding a license as a public weigher, which authorized him to maintain scales, and knew when issuing the last license that he was then operating the scales at the point in question; it does not charge that the city licensed the said Spaulding to maintain these, or other scales, at this particular place. In other words, the bill, as amended, does not charge an express authorization by the city of Spaulding to do the thing of which the complainant complains. From aught that appears from the bill as amended, the city merely issued

Spaulding a license as a weigher, with a knowledge that he was maintaining the scales at the point in question, and this falls short of charging an express authorization for the maintenance of the scales at this particular point, and which was necessary to bring the bill within the influence of the former opinion in this case as to when relief could be had against the city. Nor does the amendment to the fifth paragraph meet the requirement as laid down upon the former appeal. It falls short of averring an express authority to maintain the scales at the point in question. The city may have consented or acquiesced by implication, or may have knowingly permitted the operation of the scales at this point, and yet may not have expressly authorized Spaulding to maintain the scales at the point in question. The amendment indicates an attempt upon the part of the pleader to avoid the force of the former holding by charging a mere consent or acquiescence in the act as distinguished from an express authorization by the city to operate and maintain the scales at this particular point. Upon demurrer, pleading must be construed more strongly against the pleader.

The chancery court erred in overruling the demurrers of the appellant to the amended bill, and the decree of said court is reversed, and one is here rendered sustaining said demurrers, and the cause is remanded.

Reversed, rendered, and remanded.

McClellan, Sayre, and de Graffenried, JJ., concur.