# City of Montgomery *v.* Stephens.

## Defective Street.

(Decided October 19, 1915.   69 South. 970.)

1. **Nuisance; Actions; Negligence.**—Ordinarily negligence is not an essential element in an action to recover damages resulting from a nuisance.

2. **Municipal Corporations; Defective Ditch; Proof; Variance.**—Although negligence may not be an essential to recovery against a municipality for damages arising out of the construction and maintenace of a ditch, yet if the plaintiff avers negligence the law imposes on him the duty to prove it.

3. **Same.**—Where it was averred that a municipal corporation was guilty of negligence in constructing and maintaining a drainage ditch, it is essential that proof be made that some officer, agent or employee was negligent, while acting within the line of his duty as required by § 1273, Code 1907.

4. **Same.**—While the determination of whether a municipality will exercise its power to construct drainage ditches is governmetal under § 1303, Code 1907 yet where the ditch is constructed, the municipality is liable for injuries resulting from negligence in construction and maintenance.

5. **Pleading; Complaint; Testing Sufficiency.**—Demurrer is the proper method to test the sufficiency of the complaint, and it cannot be tested by a motion to strike.

6. **Same; Demurrer; Ground.**—Unless the demurrer specifies the defect as required by § 5340, Code 1907, it is unavailing.

7. **Appeal and Error; Review; Questions Presented.**—Where the bill of exceptions did not purport to set out all of the evidence, and it appeared that

photographic views and plans were not certified as required by rule 24, Supreme Court Practice, the appellate courts cannot review assignments of error predicated upon the refusal of the affirmative charge.

8. **Municipal Corporations; Actions; Instruction.**—Where the action was against a municipal corporation for damages arising from the construction and maintenance of a drainage ditch, an instruction which ignores some of the elements of recovery, was properly refused.

9. **Same; Maintaining Drain.**—An action for damages against a city for negligence in the construction and maintenance of a drain ditch by the city cannot be defeated on the ground that it was for the benefit of the public health.

10. **Same.**—The fact that the city used due diligence in selecting the site for the construction and maintenance of a drain ditch would not defeat recovery in an action for damages growing therefrom, and charges so asserting are abstract.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. B. Stephens against the City of Montgomery, for negligently maintaining a ditch. Judgment for plaintiff, and defendant appeals. Affirmed.

The cause went to the jury on counts 9, 10, 11, 12, 15, 16, 17, and 18. Count 9 claims damages for the negligent failure of defendant to exercise reasonable care, skill, and diligence in the construction of a ditch or drain across or through plaintiff's property, by negligently constructing a ditch or drain which was insufficient for the free passage of water which flowed therein in the time of heavy rainfall, and by reason of said failure the ditch overflowed to plaintiff's damage. 10 is the same as 9, except that it is more definite in the description of the property. 11 is the same as 9 and 10, with the additional averment that defendant had notice of this condition and failed to remedy it. 12, same as 11. 15 alleges the construction and maintaining of a ditch or drain which was part of the drainage system of the defendant municipality across or through plaintiff's premises (describing the premises and the uses to which they were put), and that said defendant in the construction of said ditch or drain failed to exercise reasonable care, skill and diligence in this: Here follows various reasons why the ditch was insufficient. And as a proximate result thereof large bodies of water, which would have been carried off if said ditch had been properly constructed, overflowed said ditch, broke away the banks thereof, and on divers occasions (naming them) plaintiff suffered the following injury to his property, etc. 16, same

as 15, except that it gives a fuller description of the property. 17 claims damages for the municipality's negligence in allowing a ditch or drain across plaintiff's premises (here follows description thereof), which said ditch or drain it was its legally bound duty to keep in a proper condition, to be and remain in a defective condition, of which said defective condition defendant had notice, and through its negligence said ditch or drain broke over its banks, etc., causing the damages above set out. 18, same as 17.

The demurrers raise the proposition that the counts show that the city of Montgomery is a municipal corporation, and that the property alleged to have been damaged is located outside of the municipality, and no authority on the part of the city to construct the drain or ditch is shown, nor is any duty on the part of the city to construct the ditch or drain which is alleged to have caused the injury, and that it appears from the count that the property alleged to have been damaged is without the corporate limits, and that the cause of the injury was without the corporate limits of the city, and that no negligence was shown on the part of defendant in the construction of said ditch or drain, and ultra vires.

The following charges were refused to defendant: (24) The jury is charged that if they believe from the evidence that Stephens' property was in no worse condition after the rain of March 14, 1912, than prior to the construction of the ditch by the city, there can be no recovery.

(25) Same as to the rain of April 14, 1912.

(27) The jury is charged that if they believe from the evidence that the ditch or drain was constructed through plaintiff's property for the betterment of the health and for the welfare of the public, there can be no recovery in this case.

(37) The jury is charged that there is no liability upon defendant, and plaintiff cannot recover if they believe from the evidence that defendant exercised mature deliberation in locating and designing the ditch or drain.

(38) There is no liability upon defendant in this suit, if defendant acted in good faith and within their authority in adopting the plan for a ditch or drain.

ED. S. WATTS, for appellant. HILL, HILL, WHITING & STERN, for appellee.

[City of Montgomery v. Stephens.]

BROWN, J.—Ordinarily negligence is not an essential element in an action to recover damages resulting from a nuisance. The reason upon which this rule rests is found in the maxim, "Sic utere tuo ut alienum non lædas," and until injurious consequences result from the nuisance the cause of action does not arise.—*Alabama Western Ry. Co. v. Wilson,* 1 Ala. App. 306, 55 South. 932; *Yolande Coal Co. v. Pierce,* 12 Ala. App. 431, 68 South. 563.

(2) Whether the general rule applies in suits against municipal corporations, and, if so, whether section 1273 of the Code wrought a change in the law as it existed previous to the adoption of the Code, is not here important, as the several counts of the complaint on which the case was submitted to the jury allege negligence on the part of the defendant in one form or another. The plaintiff having alleged negligence, the law imposes upon him the burden of proving the averment, although it may not have been essential to the cause of action.—*Rich v. McInerny,* 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32.

(3) The negligence is not in terms imputed to an "agent," "officer," or "employee" of the defendant, but of necessity the corporation could only act or fail to act by some officer, agent, or employee.—Code, § 1273; *Louisville & Nashville R. R. Co. v. Dawson, infra,* 68 South. 674; *Sullivan v. Sullivan Timber Co.,* 103 Ala. 372, 15 South. 941, 25 L. R. A. 543. And the averment that the "defendant" was guilty of negligence required proof that some officer, agent, or employee, while "engaged in work therefor and acting in the line of his duty," was guilty of negligence.

(4) Ample power to construct drains and sewers is conferred by statute on municipal corporations, outside, as well as within, the corporate limits of the city or town (Code, § 1303), and while it is well settled that as long as this power lies dormant the corporation is not liable for its failure to exercise the power, the question of whether it will exercise this power, or when, is a governmental, rather than a corporate, function.—28 Cyc. 1312. Nor is it liable for a failure to exercise its governmental functions to abate a nuisance created within its border or under its jurisdiction by another, unless it expressly authorized the creation of the nuisance or participated in its maintenance.—*Bieker v. City of Cullman,* 178 Ala. 662, 59 South. 625; *City of Florence v. Woodruff,* 178 Ala. 142, 59 South. 435; *City of Florence v. Woodruff,* 186 Ala. 244, 65 South. 326. But when the cor-

poration exercises the powers conferred by the statute in the construction and maintenance of a system of sewers and drains, a "coextensive [legal] duty must be inferred, and as well civil liability for the consequences of defaults therein."—*City of Bessemer v. Whaley,* 187 Ala. 525, 65 South. 542. Therefore, if the appellant, in providing for an outlet for its system of drains and sewers constructed and maintained a ditch across plaintiff's property, and as a result of negligence in the construction of the ditch, or in maintaining it, the ditch was insufficient to convey the water discharged therein, and overflowed with resultant injury, it is liable.—*Bieker v. City of Cullman, supra; Arndt v. City of Cullman,* 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922; 28 Cyc. 1312; 28 Cyc. 1312-C; *Adler & Co. v. Pruitt,* 169 Alafl 213, 53 South. 315, 32 L. R. A. (N. S.) 889.

None of the counts allowed to go to the jury were subject to the objections pointed out by the demurrer, and it was properly overruled.—*Bieker v. City of Cullman, supra; Arndt v. City of Cullman, supra; City of Bessemer v. Whaley, supra; City of Florence v. Woodruff, supra.*

(5) The motion to strike the complaint was not the proper method of testing its sufficiency, and for this reason alone the court properly denied the motion.

(6) It is not at all unlikely that if the demurrer had taken the point that the seventeenth count fails to show, except by averment of a legal conclusion, that it was the duty of the defendant to maintain the ditch or drain in proper condition, the trial court would have sustained this demurrer. However, the demurrer did not point out this defect, and was properly overruled.—Code, § 5340; *Birmingham Ry., L. & P. Co. v. O'Brien,* 185 Ala. 620, 64 South. 343; *Weller & Sons v. Rensford,* 185 Ala. 333, 64 South. 366.

(7) The bill of exceptions does not purport to set out all the evidence, but "substantially all," and it appears that certain photographic views and temporary plans and surveys of the drain in question were used as evidence on the trial which are not set out in the record, nor certified here as provided by Supreme Court rule of practice 24, so that we can examine such evidence in connection with the assignments of error predicated on the refusal by the trial court of the affirmative charge as to each of the several counts of the complaint, and therefore these assignments cannot be sustained.—*Southern Ry. Co. v. Kendall,*

[Bartlett v. Chaviers.]

*Infra*, 69 South. 328; *Warble v. Sulzberger*, 185 Ala. 603, 64 South. 361; *Alabama Terminal R. R. Co. v. Benns*, 189 Ala. 590, 66 South. 589. And for like reasons the assignment predicated on refusing the motion for a new trial avails appellant nothing.

(8-10) Charges 24 and 25 ignore some of the elements of recoverable damages, and limit a recovery for detriment to the lands and were properly refused.—*Yolande Coal Co. v. Pierce, supra; Stouts Mountain Coal & Coke Co. v. Tedder*, 189 Ala. 637, 66 South. 619. The principles discussed above justified the refusal of charges 27, 37, and 38. Furthermore, charges 37 and 37 are abstract, as the plaintiff only seeks a recovery for negligence in construction or maintenance of the drain.

The assignments of error for refusal of charges other than those treated above are not insisted upon in brief, and therefore are waived. We find no reversible error in the record, and the judgment of the circuit court is affirmed.

Affirmed.