# Nashville, Chat. & St. Louis Ry. *v.* Beard.

### Damage for Overflowing Land.

(Decided January 9, 1917.   73 South. 828.)

1. **Waters and Water Courses; Diverting; Damage; Complaint.**—The complaint alleging that defendant collected waters in a ditch, diverting the natural flow and conveying it into a creek flowing through or near plaintiff's land in such volume as to overtax the natural carrying capacity of the creek, thereby proximately causing the waters to flow over plaintiff's land, washing the soil and depositing substances thereon that impaired or destroyed the fertility of the land, and destroyed plaintiff's growing crop, stated a cause of action under the principle that one must use his own land in such manner as not to injure that of another.

2. **Negligence; Pleading; Actionable.**—To state a cause of action grounded on negligence, a pleading must show affirmatively that the negligence relied on is actionable and merely alleging that a given act was negigent, or was negligently done, without more, is not sufficient.

3. **Water and Water Courses; Riparian Owners.**—Where a stream was located so near plaintiff's land that when the natural flow of the water was obstrucetd, it would overflow the land to plaintiff's damage, the law imposed a duty on the other riparian owners to so use his property as not to cause such damage by placing in the stream, or on its banks in such close proximity that it will inevitably wash into the streams timber in such quantity and mass as in the natural course of events would wash into the stream and obstruct the natural flow of the water.

4. **Witnesses; Impeachment.**—The jury have the right in weighing the evidence to know the influence which operates upon a witness, and to judge

[Nashville, Chattanooga & St. Louis Ry. v. Beard.]

of the weight to be given the evidence under the circumstances; hence, testimony as to a conversation with a witness which on its face referred to the controversy between the parties to the suit, and had a tendency to show that under certain circumstances or conditions the witness would color his testimony was admissible for the purpose of reflecting upon the credibility of the witness.

5. Same.—While it is competent on cross examination to interrogate a witness upon matters wholly irrelevant to the issues in the case, for the purpose of testing the memory and sincerity of the witness, yet such immaterial matters cannot be made a predicate for showing a contradictory statement made out of court.

6. Waters and Water Courses; Obstruction; Evidence.—The riparian owner has the right to place timbers on his own premises, and even subject the waters to a reasonable use in floating timbers down the stream, and unless he places them in the stream in such a mass as would be calculated to obstruct the natural flow of the water, or places them in such close proximity that they would be likely to be washed into the stream and obstruct the natural flow of the water, he is not guilty of negligence.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by C. P. Beard against the Nashville, Chattanooga & St. Louis Railway, for damages for overflowing land. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GOODHUE & BRINDLEY, for appellant. CULLI & MARTIN, for appellee.

BROWN, J.— (1) The case was submitted to the jury on the eighth, ninth, tenth, and eleventh counts of the complaint as amended. The averments of the eighth, ninth, and tenth counts are to the effect that the defendant collected waters in an artificial channel—a ditch—thereby diverting its natural flow, and conveyed it into the creek flowing through or near to the plaintiff's land in such volume as to overtax the natural capacity of the creek, thereby proximately causing the water to flow over the plaintiff's land, washing the soil and making deposits thereon that impaired or destroyed the fertility of the lands, and in one or more of said counts it is averred that plaintiff's growing crops on said land were destroyed. The averments of these counts are sufficient to state a cause of action under the principle of law often declared, that one must use his own in such manner as not to injure that of another, embodied in the maxim "Sic utere alienum non lædas."—9 Coke, 59; 1 Bl. Com. 306; *City of Montgomery v. Stephens,* 14 Ala. App. 274, 69 South. 970; *Ala. West-*

*ern Ry. Co. v. Wilson,* 1 Ala. App. 306, 55 South. 932; *Yolande Coal Co. v. Pierce,* 12 Ala. App. 431, 68 South. 563; *Lindsey v. Southern Ry. Co.,* 149 Ala. 352, 43 South. 139; *Sav., Am. & Montgomery Ry. Co. v. Buford,* 106 Ala. 303, 17 South. 395; *C. of Ga. Ry. Co. v. Windham,* 126 Ala. 552, 28 South. 392; *Arndt v. City of Cullman,* 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922; *Sloss-Sheffield S. & I. Co. v. Mitchell,* 167 Ala. 226, 52 South. 69; *South. Ry. Co. v. Lewis,* 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77. In such cases, negligence is not necessarily an essential element of the cause of action.—*City of Montgomery v. Stephens, supra.*

(2) The gravaman of the eleventh count is the negligence of the defendant's agents or servants while acting within the scope of their employment in the doing of a lawful act. "All negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on negligence, must affirmatively show that the negligence relied upon is actionable. If pleadings as to negligence show a duty owed by the defendant to the plaintiff, and a breach of that duty to the damage or injury of plaintiff, very general averments of negligence will suffice. As is often said, they need be but little more than conclusions; but the duty and its breach must be shown. Merely alleging that a given act was negligence, or was negligently done, without more, is not sufficient. Such pleadings may allege negligence; but the trouble is it is not in such cases 'actionable negligence.' "—*B. R. L. & P. Co. v. Drake,* 1 Ala. App. 354, 56 South. 53; *South. Ry. Co. v. Williams,* 143 Ala. 217, 38 South. 1013.

(3) The count must be considered as a whole, and when so considered in connection with the fact that the action is for damage to lands, it appears with certainty to a common intent that the stream was located sufficiently near the plaintiff's land as when the natural flow of water therein was obstructed that it would overflow the land of plaintiff to his damage—was within the zone of danger from such overflow, and the law imposed the duty on the defendant to so use its property as not to cause such damage by placing in the stream or on its banks in such close proximity thereto as that it will inevitably wash into the stream timber in such quantity and mass as in the natural course of events would wash into the stream and obstruct the natural flow of water in the stream.—*Ala. Lumber Co. v. Keel,* 125 Ala. 603, 28 South. 204, 82 Am. St. Rep. 265.

(4) The conversation testified to by the witness Womack as taking place between witness and the witness Rosson on its face referred to the controversy between the parties to this suit and had a tendency to show that Rosson under certain conditions would color his testimony, and was properly admitted for the purpose of affecting the credibility of his testimony. "The jury have the right in all cases, in weighing the evidence, to know the influence which operates upon the witness and to judge of the weight to be given to their evidence under the circumstances."— *Rivers v. State*, 97 Ala. 72, 12 South. 434; *Livingston v. State*, 7 Ala. App. 49, 61 South. 54.

(5) While it is permissible on cross-examination, for the purpose of testing the memory and sincerity of a witness, to interrogate him as to matters wholly irrelevant to the issues in the case, such immaterial matters cannot be made a predicate for showing a contradictory statement made out of court.—*Crawford v. State*, 112 Ala. 1, 21 South. 214; *Morrow v. Campbell*, 118 Ala. 330, 24 South. 852. The court therefore erred in allowing the witness Womack to testify as to the conversation between the witness and Rosson on the road to Attalla imputing to Rosson the statement that "old man Isaac Davis told him to stick to the man that has got the money," and "that a man that did not have money was a drag all the way through and he [Rosson] always stuck to the man that had the money."

There was no evidence showing or tending to show that defendant's servants or employees, "while acting within the scope of their employment in constructing or repairing a trestle along the railroad track of the defendant and at a point where said railroad track crosses said Line creek, negligently threw or negligently permitted or allowed timbers used or to be used in constructing or repairing the trestle, or old timbers taken out of said trestle to be washed into the bed of said creek and down said creek to a point at or near the lands of the plaintiff," as averred in the eleventh count.

(6) The defendant had a right to place timbers on its own premises, and even to subject the waters in said stream to a reasonable use in floating timbers down the stream (40 Cyc. 565, d; Gould on Waters, §§ 205-208); and unless it placed timbers in the stream in such number and mass as would be calculated to obstruct the natural flow of the water therein, or placed them in such close proximity to the stream as that they would likely

be washed into the stream and obstruct the natural flow of the water therein, it cannot be said that it was guilty of negligence (*Ala. Lumber Co. v. Keel,* 125 Ala. 603, 28 South. 204, 82 Am. St. Rep. 265) ; and there was no evidence showing or tending to show such facts.    The affirmative charge as to count 11 requested by the defendant should have been given.

This disposes of all assignments of error insisted upon by appellant.    For the errors pointed out, the judgment of the city court is reversed and the cause remanded.

Reversed and remanded.