(124 So. 95)

## SISCO v. CITY OF HUNTSVILLE et al.
### (8 Div. 64.)

Supreme Court of Alabama.    Oct. 10, 1929.

Douglass Taylor and S. H. Richardson, both of Huntsville, for appellant.

Lanier & Pride and Watts & White, all of Huntsville, for appellees.

BOULDIN, J.    Action in damages against the city of Huntsville and others for alleged negligence in the construction and maintenance of sewers resulting in injury to plaintiff's property.

Plaintiff's evidence tended to show a manhole on Pratt avenue, part of the system of sanitary sewers, had the cover misplaced and some bricks removed; that during a heavy rainstorm waters entered the manhole at an elevation above the point of plaintiff's connection; that mud and débris choked the sewer at a point below plaintiff's connection; and as a consequence plaintiff's residence was flooded through the toilet, resulting in injury to the building and contents.

■ A municipality duly authorized to construct and maintain a system of municipal sewers, when undertaking so to do, owes the duty of reasonable and ordinary care to avoid injury to persons and property. While related to the government function of preserving the public health, such improvement and the maintenance thereof involves continuous management.

To undertake this service, imposing local assessments or other form of taxation for the purpose is to assume a measure of legal duty in its performance. The law, as long declared in this state, deals with it as in the nature of a corporate, rather than a purely government work.

The officers or agents of the city are in the performance of ministerial rather than government functions; and the city is liable for the consequences of their negligence while acting within the line and scope of employment. The liability is analogous to that involved in the construction and maintenance of streets, or public utilities like water works and light plants. City of Montgomery v. Gilmer & Taylor, 33 Ala. 116, 70 Am. Dec. 562; Mayor & Council of Troy v. Coleman, 58 Ala. 570; Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922; Bieker v. City of Cullman, 178 Ala. 662, 59 So. 625; City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; City of Birmingham v. Kircus, 19 Ala. App. 614, 99 So. 780; City of Montgomery v. Stephens, 14 Ala. App. 274, 69 So. 970. Such is the prevailing rule in other states. 43 C. J. p. 1127, § 1889; Id., p. 1129, § 1891.

■ The controlling question is whether any duty to plaintiff had arisen under the facts of the case.

During the year 1926 the city let a contract to lay sewers along, and to pave, Pratt avenue. The sewers were laid first. The manholes were brought to the approximate level of the proposed pavement, and the covers laid over them. The finishing up of the manholes and final placement of the covers was to await the completion of the pavement. At this stage the plaintiff installed his sewerage lines and connected up with the sewer. Some two months later the injury occurred. The paving had never been done. The sewer had not been inspected and accepted by the city,

but it remained in the possession and control of the contractor as part of the unfinished project. Until the paving was done, the control of flood waters was incomplete.

Ordinances of the city required that before installing the sewerage system of any building a plan of same should be submitted to the sanitary inspector, and, upon approval, a permit obtained. No such permit was obtained by plaintiff or his plumber on his behalf. No affirmative action of the governing body inviting connections with the sewer or otherwise indicating the acceptance of same appears.

Evidence tends to show the plumber who made plaintiff's connection was an alderman of the city; that the supervising engineer for the city saw the defective condition of the manholes and notified the contractor to remedy same. While the engineer disclaims any knowledge of the connections with the sewer, and appears to have given this notice to protect the sewer until it should be ready for acceptance, we assume, for purposes of this decision, that the length of time and notoriety of the use of such sewer by plaintiff and others was sufficient to give him notice. It further appears the city clerk had issued a permit for connection to a citizen other than this plaintiff.

Our conclusion is none of these facts nor all of them suffice to fasten upon the city a liability for the maintenance of this sewer while it yet remained in possession and control of the contractor as part of an incomplete and unaccepted project.

None of these parties are shown to have authority to enter into an undertaking on behalf of the city to operate and maintain the sewer at that stage.

■ Under statutory provisions the city engineer and contractor were brought in as parties defendant. Certainly the contractor was under no duty to operate the sewer or maintain it for use. His duties were those incident to construction under his contract.

■ Neither does it appear the engineer by any act or promise induced plaintiff to make connection. At most there was mere acquiescence in plaintiff's premature use of the sewer, assumed voluntarily and at his own risk.

■ Attention is called to an ordinance requiring property owners to promptly connect with sanitary sewers when laid along their streets. This means when the sewer is completed, accepted, and taken under control by the city for the use of property owners.

The affirmative charge was properly given on behalf of all the defendants.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.