EDWARD N. SCRUGGS, Retired Circuit Judge.
The Lasners sought damages for flooding of their rental house which was proximately caused by the City of Prichard’s (Prichard) negligent failure to maintain a drainage ditch.
Only evidence which is pertinent to the issues raised on appeal and which tends to support the verdict of the jury will be summarized. No special pleas were filed on behalf of Prichard. Only two witnesses presented evidence.
Mr. Lasner testified that they purchased the house and lot in Prichard about twenty years ago. Ten feet behind the house was situated a drainage ditch which was about ten feet deep and fifteen feet wide. It existed when they bought the property. Prichard would use a crew of its employees to periodically clean out the ditch, the last such cleaning having occurred in 1975. By 1976, people had commenced using the ditch as a dump, and by 1977 a tremendous amount of junk, consisting of used refrigerators, washing machines, gas stoves and all kinds of debris, had accumulated in the ditch. In 1976, Mr. Lasner called the city clerk’s office and informed them of the problem. He was referred to another department, with whom he discussed the question on approximately six occasions. During each call, he was promised that they would send someone, but none of the debris was removed prior to May 10, 1978.
On April 22, 1977 and May 10, 1978, the house was flooded. He testified to consequent damages which totaled $8,500. Proper claims or notices as to each incident were filed with Prichard, but were not paid.
The house had never been flooded before the 1977 occurrence. When Prichard kept the ditch clear, it did not inundate the property even after similar heavy rains. When Prichard ceased maintaining the ditch, the property was flooded. Without objection from Prichard, Mr. Lasner opined that the ditch would not have overflowed without the debris, which caused the damage, for there was so much debris in the ditch that water would not flow through it.
The ditch originates in Prichard three miles above the Lasner house and it empties into a creek one mile below that property.
The other witness was an engineer of the City of Mobile, who testified that the ditch, known as Toulmin’s Branch, is a drainage canal. It is a natural waterway and was not man-made.
Prichard’s motions for a directed verdict, which were made at the conclusion of the Lasners’ evidence and renewed at the close *992 of all of the testimony, were both denied. The jury’s verdict fixed the Lasners’ damages from Prichard at $8,500. The trial court overruled Prichard’s motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial.
By statute, a city or town may make needful provisions for drainage and may construct and maintain ditches, surface drains and canals. § 11-50-50, Code of Alabama 1975. As long as this power is not exercised, the city is not liable for its failure to use that authority. City of Montgomery v. Stephens, 14 Ala.App. 274, 69 So. 970 (1915). However, a municipality is responsible for damages to a property owner whose property is injured as a proximate result of the construction of such drainage facilities. Fricke v. City of Guntersville, 254 Ala. 370, 48 So.2d 420 (1950).
When undertaking to maintain a system of municipal sewers, the municipality owes a duty of reasonable and ordinary care to avoid injury to persons and property, but there is no absolute liability in that regard. Whitworth v. The Utilities Board of the Town of Blountsville, 382 So.2d 557 (Ala.1980). Such laws concerning sewers and those pertaining to drainage are totally compatible, if not absolutely identical, in this particular area.
If, “as a result of negligence in the construction of the ditch, or in maintaining it, the ditch was insufficient to convey the water discharged therein, and overflowed with resultant injury, it [the city] is liable.” (Citations omitted.) (Emphasis supplied.). City of Montgomery v. Stephens, supra.
The fact that the particular drain may be a natural watercourse rather than an artificial construction does not alter the rule of municipal liability for damage resulting from obstructions, so long as the municipality has adopted the sewer or drain for drainage purposes and assumed control over it. Thus, it has been held that a municipality is liable for damages to adjoining landowners resulting from its negligence in not keeping a drain or sewer free from obstructions, whether the drain or sewer is a natural stream adopted for drainage purposes or an artificial channel. [Footnotes omitted.]
57 Am.Jur.2d, Municipal, etc., Tort Liability, § 215, p. 193.
If Toulmin’s Branch was a natural stream (which could be a jury question), Prichard was under no duty originally to keep it free from obstructions, but, if Prichard subsequently maintained it, the city thereby becomes liable for damages to adjoining property owners if it, thereafter, negligently failed to reasonably keep the branch or ditch reasonably free from obstructions. “One who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith.” City of Prichard v. Kelley, 386 So.2d 403 (Ala.1980).
No objection was voiced by Prichard towards any opinion expressed by Mr. Las-ner. In its brief, Prichard has a bare assertion, without citing any authority nor does it contain any elaboration, that to allow such testimony was an error of the worst sort. Under that posture of the evidentiary question, we are not authorized to determine the matter. With just a mere unadorned statement that a certain ruling of a trial court was invalid, an appellate court will not treat the issue as being adequately raised and argued and will not search for authority which might invalidate the evidence. Culbert v. State, 52 Ala.App. 167, 290 So.2d 235 (1974).
Here, the facts support the finding by the jury of negligence, for reasonable minds might differ as to whether there was negligence or not, thereby making it a question for the jury. Water Works and Sanitary Board v. Norman, 282 Ala. 41, 208 So.2d 788 (1968).
There was adequate evidence from which the jury could have concluded that Prichard had proper statutory notice of the accumulation of the debris. Even if we ignore the undisputed evidence that Mr. Lasner, over a period of several months, made at least seven telephone calls to either *993 the city clerk’s office or to the city department to which he was referred regarding the debris, the further undisputed evidence, that the accumulation of debris had existed for over a year before the first flooding of the house, was adequate to authorize the jury to find and to presume that Prichard’s governing body had constructive knowledge or notice of the defect. City of Prichard v. Kelley, supra; § 11-47-190, Code of Alabama 1975.
Concerning two given written charges requested by the Lasners and a portion of the oral charge of the trial court, Prichard argues that, since there was no evidence that the city changed the course of the waterway, it could not be liable. With proof of prior maintenance of the ditch, of the great accumulation of debris over a long period of time and of all of the other evidence previously summarized, it was not necessary for the Lasners to introduce additional evidence of an alternation of the course of the ditch by Prichard in order to render them liable.
We have studiously contemplated each issue argued by distinguished counsel for Prichard, and, for the foregoing reasons, we find no error presented to us and affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.