# City of Birmingham v. Crane.

## Death from Defect of Street.

(Decided November 21, 1911.  56 South. 723.)

1. *Municipal Corporation; Defective Street; Action; Complaint.*— Where the action was against the city for the death of a child caused by permitting water to flow along a street in such quantity, and with such force as to carry the deceased into the mouth of a sewer pipe negligently left open, an averment in the complaint that the city negligently allowed the street to become in a dangerous condition, was a sufficient allegation of implied or constructive notice thereof to the city authorities.

2. *Same; Defenses; Plan.*—Where the action was against a city for the death of a child caused by the negligence of the city in permitting water to flow into the street in such quantities, and with such force as to sweep decedent into the mouth of a sewer left open, the city cannot escape liability on the ground that the accident was the result of a defective sewer plan, where it appeared that there was a palpable lack of skill in constructing the sewer, which should have been appreciated by men of ordinary understanding, or where its unfitness had been demonstrated by previous experience.

3. *Same; Duty of Corporation.*—While the municipality is not bound to provide an underground sewer system, yet, having undertaken to provide such a system, it becomes its duty to see that a proper one is provided which will not leave the street in a dangerous condition.

4. *Same; Evidence.*—Where the action was against a city for the death of a child caused by a defective sewer, it was not competent to show that other well regulated cities followed the same plan in constructing sewers.

[City of Birmingham v. Crane.]

5. *Same; Parties.*—Where the action was begun against the mayor and aldermen of the municipality, and pending the suit and before judgment, section 1046, Code 1907, was enacted, judgment was properly rendered against the defendant, as named in the complaint, under the provisions of section 1050, Code 1907.

6. *Death; Action For; Right to Recover.*—The administrator of the estate of a deceased child may recover damages for its death, although the parents or other persons having control of the child were guilty of contributory negligence.

7. *Same; Action by Administrator; Statute.*—Where the right of action for the death of a child arose prior to the adoption of the Code of 1907, action therefor might be brought by the personal representative under section 26, Code 1896, though the infant left parents surviving him, upon whom section 2485, Code 1907, conferred the right to sue, since it is provided in the act adopting the Code of 1907, that its adoption should not affect existing rights.

8. *Evidence; Opinion Evidence.*—In an action against a municipality for the death of an infant drowned in an alleged defective sewer, expert testimony that the sewer system as provided was reasonably safe, was inadmissible as usurping the functions of the jury.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Hugh C. Crane, as administrator of the estate of Lloyd Kerr, deceased, against the City of Birmingham. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is as follows: Count 1, as amended: "Plaintiff, who sues in his capacity as the administrator of Lloyd Kerr, deceased, claims of defendant mayor and aldermen of Birmingham, a municipal corporation under the laws of Alabama, the sum of $20,000 damages, in this: That on or prior to the 29th day of September, 1902, defendant had committed to its care and keeping the public streets and sidewalks of the city of Birmingham, and was in duty bound to exercise reasonable care to keep said streets and sidewalks in a reasonably safe condition for persons passing along and over same. That on, to wit, the date aforesaid, plaintiff's intestate, who was an infant under seven years of age, was on one of the public streets of said city, to wit, on

Twenty-Fifth Street North, near where said street intersects with Third alley, and, while being on said street, was borne or carried by water thereon into one of the sewers of said city, and drowned. That plaintiff's said intestate's death was proximately caused by the negligence of said defendant in allowing said street to be out of repair, in this: That water was allowed to accumulate on and run over and along said street, or a part of the same, in a large quantity, viz., such quantity and with such force as to propel or convey plaintiff's said intestate along and over said street, into said sewer, causing his death by drowning, etc. And plaintiff avers that defendant had notice that said street was out of repair as above stated." Then follows an allegation of the presentation of the claim to the mayor and board of aldermen and disallowance of same. 2, As amended: Same as 1, down to and including the words "reasonably safe condition," where they first appear in said count, and adds: "That defendant, neglecting this duty in its behalf, on, to wit, the date aforesaid, negligently allowed large quantities of water to accumulate on Twenty-Fifth street, near where said street intersects with Third alley, and to flow with great force along said street, and into the mouth of one of the sewers of the said city, near the intersection of said street with said alley, and negligently permitted the mouth of said sewer into which said water flowed to be and remain open, so that a child could be carried or borne by the water on said street into said sewer. And plaintiff avers that while his intestate, a child under seven years of age, was in said water on said street on the date aforesaid, he was carried with great force by said water into the mouth of said sewer and drowned." Then follows the same averment of notice of the defect, and presentation and disallowance of claim, as in count 1. The

[City of Birmingham v. Crane.]

demurrers raise the proposition that the counts did not aver sufficient knowledge of the defects on the part of the defendant, or notice to the defendant of the defects; that, if there was negligence, it was in the exercise of its governmental functions, for which the defendant was not liable; that, if there was negligence, it was in the adoption of a plan of drainage and sewerage, for which the defendant was not liable. It alleges negligence of the defendant in maintaining a street or sewer in a certain condition, but does not aver or show that said street or sewer was maintained in any other condition than that contemplated in the original plan of defendant for the improvement of said street and construction of said sewer. It shows on its face that the defendant maintained the street and sewer complained of in the same condition as originally contemplated in the plans of defendant.

The amendments to the counts consisted in adding the words "to exercise reasonable care" just after the words "was in duty bound," where they occur in said counts. To the amended counts the following demurrers were interposed, in addition to those above set out: "(1) The counts do not aver or show that the street which is alleged to have been out of repair at the time of the accident to plaintiff's intestate had ever been established and improved in such manner as to make the defendant liable for failure to keep the same in good condition. (2) Said counts are inconsistent and repugnant, in that negligence is alleged therein as the conclusion of the pleader, yet the facts stated therein show that the mayor and aldermen of Birmingham were not guilty of negligence. (3) It is not negligence for defendants to allow water to accumulate on or run over and along said street, or a part thereof, in the quantity stated in said count. (4) It is not averred or shown

that the water accumulated or run over and along said street, or a part thereof, as set out in said count, was not run over or along a drain or sewer provided for such purpose."

Defendant filed the plea of the general issue and the following special pleas: (2) "To each count defendant says that the accident and death of plaintiff's intestate would not have happened, but for the proximate contributory negligence of the father of plaintiff's intestate, who had custody and control of him at said time, which said proximate contributory negligence consisted in this: That the said father of plaintiff's intestate negligently permitted plaintiff to wade in a drain in said street while water was flowing down the same into the mouth of an open sewer, and plaintiff's intestate was thereby washed into said open sewer, and drowned." (3) Same as 2, except that the contributory negligence is alleged to be that of the mother, instead of the father. (4) Same as 2, except the contributory negligence is alleged to be that of a person unknown to the defendant, who had custody and control of plaintiff's intestate at the time. (5) "To each count of the complaint says the plaintiff's intestate, at the time of being washed into said sewer in said street as set out in the complaint, was wading in water in a drain in said street which flowed into said sewer; that said sewer was constructed and left open, and said drain was constructed to accumulate the waters and convey them into said sewer, as set out in said complaint, according to a plan adopted by the mayor and aldermen of Birmingham in its governmental capacity for the drainage of the city of storm water; that said drain and sewer were constructed strictly in accordance with said plan; and that there was no negligence on the part of the defendant, its officers, agents, or servants, in leaving open the

mouth of said sewer as aforesaid, or in the construction of said drain as aforesaid, but that the same was constructed in a skillful manner, and in accordance with said plan, and was maintained in accordance with said plan." (6) Same as 5, except it is alleged that the sewer was constructed by the city in the exercise of its governmental capacity. (A) Sets up that the minor was less than seven years old at the time of its death; that the plaintiff, as administrator of said minor, had no right to maintain this action, because it says that at the time said action was brought, and at the present time, the parent or parents of said minor were and are living, and the right of action for the death of said minor is in the said parent or parents, and not in the personal representative; and that Hugh C. Crane, who now sues as administrator, is not the parent of said child.

ROMAINE BOYD, for appellant. The court erred in overruling defendant's demurrer to the 1st count.—28 Cyc. 1370; Elliott on Roads & Streets, secs. 473-4; Id. 631. On the same authorities, the court erred in overruling demurrers to the 2d count. The court erred in sustaining plaintiff's demurrer to defendant's plea A, as to the 1st and 2nd counts.—Sec. 26, Code 1896; Sec. 2485, Code 1907, and authorities cited. The court erred in sustaining demurrers to the 2nd plea, also to the 3rd and 4th pleas.—A. G. S. v. Burgess, 116 Ala. 509; So. Ry. v. Shipp, 53 South. 152. The court should have permitted it to be shown that the sewer was properly constructed and such as was in use in other well regulated cities. The court erred in rendering judgment against the mayor and aldermen of the city of Birmingham.—28 Cyc. 680.

[City of Birmingham v. Crane.]

FRANK S. WHITE & SONS, and J. S. KENNEDY, for appellee. The court was not in error in overruling demurrers to the complaint.—*Arndt v. Cullman*, 31 South. 478; *Mayor, etc. v. Lewis*, 92 Ala. 352; *Birmingham v. Starr*, 112 Ala. 98; *Albritton v. Mayor*, 60 Ala. 486. The city is liable for its failure to keep the entire street in a reasonable state of repair, and it was immaterial what caused the defect, if the city was negligent in permitting the same to be out of repair.—*Selma v. Perkins*, 68 Ala. 148; *Montgomery v. Gilmer*, 133 Ala. 116; *Birmingham v. Taylor*, 105 Ala. ___. The city cannot protect itself on the ground that it made a mistake and planned its sewer too small.—*Arndt v. Cullman, supra*. The minor was conclusively presumed to be incapable of being guilty of contributory negligence, and neither his nor that of his parents will defeat recovery. —*Tutwiler v. Enslen*, 129 Ala. 346; *Pratt C. & I. Co. v. Brawley*, 83 Ala. 374; *A. G. S. v. Crocker*, 31 South. 561. The court properly sustained objections to the expert testimony and to the fact that other well regulated cities used a similar sewer plant.—*Farley v. Bay Shell Road*, 27 South. 770; *Ross v. The State*, 139 Ala. 144; *Carwile v. Carwile*, 131 Ala. 606; *Tolbert v. The State*, 87 Ala. 27. A personal representative had the same right to recover as the intestate would have had had he not been killed.—Section 2486, Code 1907.—*T. C. I. & R. R. Co. v. Herndon*, 100 Ala. ___. Counsel discuss other charges refused, but without further citation of authority.

SAYRE, J.—The two counts of the complaint, so far as concerns the objections taken to them by demurrer, were substantially equivalents of each other and, in respect to the averment of notice of the defect, followed forms which have had the approval of this court.—

*Birmingham v. Pool,* 169 Ala. 177, 52 South. 937; *Ensley v. Smith,* 165 Ala. 387, 51 South. 343, and cases cited. The complaint sufficiently avers that the defendant municipality had actual or constructive notice of the defect alleged for such length of time as gave its officers, in the exercise of reasonable diligence, opportunity to make repairs or take other sufficient precautions against the happening of accidents.—*Lord v. Mobile,* 113 Ala. 360, 21 South. 366.

In argument against the sufficiency of the complaint it is stated that the death of plaintiff's intestate appears to have resulted from a defective sewer plan, and it is said that the municipality is not answerable for the consequence of such a defect. In the first count the complaint is that defendant was guilty of negligence in allowing water to accumulate on and run along the street in such volume and with such force as to wash plaintiff's intestate into a sewer where he was drowned. To this, in the second count, is added the averment that defendant negligently permitted the mouth of the sewer to remain unguarded. Appellant's contention in respect to its liability under these conditions is repeated in a number of charges requested by it and refused by the court. It is also expressed in a number of exceptions reserved on the admissibility of evidence. It is unnecessary to treat separately the assignments of error based upon these rulings. By them the defendant invokes that principle of law which relieves a municipal corporation of liability for errors of judgment in the planning and execution of public improvements when its officers have followed the advice of one skilled in such matters and have used due care in the selection of their adviser. Such advice will not, however, excuse where there has been such palpable lack of skill and care as ought to have been appreciated by men of ordinary ex-

perience and understanding. Nor is it perceived how the principle invoked can avail the defendant in the consideration of the case stated in the complaint and shown by the evidence. However much the defendant may have been advised and may have relied upon that advice in planning its system of drains and sewers, that advice was of no consequence in the presence of the plaintiff's theory, amply sustained in the tendencies of the evidence, which was that, after repeated experiences through a series of years had demonstrated the plan or its execution to be so defective as to render the street at the place in question dangerous, defendant negligently omitted to supply a remedy.—Shearm. & Redf. Neg. §§ 271-275.

Demurrers to the several special pleas, setting up the contributory negligence of the parent or other person having charge and control of plaintiff's intestate, were well sustained, as was decided in the recent case of *Southern Railway Co. v. Shipp,* 169 Ala. 329, 53 South. 152.

Appellant also assigns for error the court's ruling on the sufficiency of plea A. We have been unable to find in the record either demurrer to this plea or ruling on its sufficiency; but, since the same proposition is advanced in some of the charges refused to the defendant and reserved for review we state our opinion that it presented an immaterial issue. The contention seems to be that a personal representative cannot maintain an action for the wrongful death of his intestate, who was a minor, as long as there is a parent surviving. The language of the statute authorizing the action, as it was at the time of the death of plaintiff's intestate and the bringing of this suit (Code 1896, § 26) affords a sufficient answer to this contention. It provided that the parent or the personal representative might sue and recover such damages as the jury might assess. Under

the statute as amended in the Code of 1907, § 2485, the parent has the better right to sue, and the personal representative may sue only in cases where there is no surviving parent or the parent fails to sue within six months from the death of the minor. But the amendment had no effect upon existing rights or remedies.— Code, § 10. The right of plaintiff in this case is to be determined on the law as it was at the time plaintiff's intestate came to his death. By that law the suit, whether brought by parent or personal representative, sought to enforce a right in favor of the parents. The personal representative, where he sued, acted as a quasi trustee for the parents who had the right to control the suit and direct the disposition of its proceeds. The personal representative in such case was hardly more than a nominal plaintiff; but, under the plain alternative of the statute as it then was, the suit was properly brought in his name.—*White v. Ward,* 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568.

Plaintiff's case was this: After a heavy rainfall, water stood over the roadway and sidewalks of defendant's street. On previous occasions a like condition had frequently followed upon heavy rains. A ditch, three or four feet deep, running along the edge of the sidewalk, conducted the water to the mouth of a sewer pipe 18 inches in diameter. On the occasion in question, roadway, sidewalk, and ditch were hidden beneath the accumulated water which spread over them all. Plaintiff's intestate, a child under seven years of age, was wading about the street with other children when he stepped into the ditch, was drawn by the water into the unguarded mouth of the sewer pipe, and was drowned. To this case, and the inferences the jury were free to draw from these facts, it was no answer that the sewer had been constructed under advice of a competent engineer, or that the engineer still thought that the

sewer was planned and constructed in accordance with the principles of good engineering. The defendant was under no obligation to provide an artificial underground system of sewers. But, having undertaken to provide such a system, it was defendant's duty to see that a proper system was provided—one that would not leave the street in a dangerous condition. The question, then, for decisoin was whether under the conditions shown the accumulated water, or the accumulated water in connection with the unguarded sewer, sufficiently evidenced negligence on the part of the municipal authorities in the discharge of their duty to keep the street in a reasonbaly safe condition for the use of those who had occasion to pass along it for business or pleasure. This was an ordinary question of fact for the jury's determination, and no witness, however expert, could properly be permitted to usurp the functions of the jury by expressing his opinion on that subject, for all the elements to be considered in determining the question at issue were open to the common understanding of the jury whose duty it was to draw the conclusion.—*Warden v. L. & N. R. R. Co.*, 94 Ala. 277, 10 South. 276, 14 L. R. A. 552.

The same proposition was presented in a different guise when the defendant sought to have its witness state that well-regulated cities in America followed the plan of constructing sewers shown to have been followed at the place in question. No practice can excuse negligence. The defendant could not avoid responsibility for negligence in maintaining its streets, if the jury found there was negligence, by showing the practice of cities in America or elsewhere in planning systems of drains and sewers, and this, notwithstanding the opinion of the witness that such cities in that respect were well regulated. There was, therefore, no error in the

[City of Birmingham v. Crane.]

court's rulings on questions of evidence, nor in refusing those charges which were requested by the defendant on the subject to which we have just here referred.—*K. C. M. & B. R. R. Co. v. Burton*, 97 Ala. 240-251, 12 South. 88.

This suit was properly brought against the mayor and aldermen of Birmingham, a municipal corporation, and so the defendant is styled in the judgment rendered. Pending the suit and before judgment the Municipal Code Law of August 13, 1907, was passed (Code 1907, § 1046 et seq.), providing that all municipal organizations should be bodies politic and corporate, having perpetual succession, "under the name now used or hereafter assumed, * * * and each under such name as the 'City of ——,' or 'Town of ——,' as the case may be, shall sue and be sued," etc. There was no amendment of the complaint to meet this change of corporate name, as there might have been. Appellant takes the point that the judgment erroneously followed the summons and complaint in the matter of the name and style of the defendant corporation. The change of name effected no change in the rights or liabilities of the corporation. As for the formal requirements of the judgment in a case prosecuted under the circumstances here shown, that was clearly provided for at the time of the enactment of the Municipal Code Law. The provision was that "all suits then pending in favor of or against municipal corporations shall continue to judgment unaffected by this chapter, and shall be enforced in favor of or against such city or town, as the case may be, notwithstanding a change of name or organization."—Code, § 1050.

After considering those assignments of error which have been argued for the appellant, we have reached the conclusion that the judgment ought to be affirmed.

Affirmed. All the Justices concur.