# Ginzler *v.* City of Birmingham.

### *Damage to Realty.*

(Decided January 16, 1913. · 60 South. 976.)

1. *Municipal Corporations; Defective Sewer; Damage to Realty; Complaint.*—Where a count of the complaint alleged damages to property from an overflow on certain occasions due to a defective sewer negligently constructed and maintained by defendant, recovery could only be had for the injury complained of that had accrued at the time of the commencement of the action, and not for permanent injury in general to the land.

2. *Same.*—Where the complaint described the structure causing the injury merely as a ditch or storm sewer without averring that it was permanent, damages for the permanent depreciation in the market value of the premises overflowed were not recoverable, although the proof may have shown the structure to be of a permanent character.

3. *Same; Damages Recoverable.*—It is presumed that a city will remedy a defect, and hence, a property owner can recover against a city for overflow due to the negligent construction of a sewer only such damages as have accrued at the time of the bringing of the action.

4. *Appeal and Error; Presentation for Review; Sufficiency.*—Where the court follows an improper measure of damages, both in the rulings on the evidence and in instructions, exceptions to the rulings on the evidence are alone sufficient to present the error, although counsel may have waived their exceptions to instructions.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Mrs. Lulu Ginzler against the city of Birmingham for damages to realty. From a judgment granting defendant a new trial, plaintiff appeals. Affirmed.

The following is count 2:

"Plaintiff claims of defendant, a municipal corporation, the sum of $2,000 as damages, for that, to wit, on or about the 1st day of January, 1910, and before and at the time of the occurrence herein complained of, the plaintiff was, and ever since has been, possessed of a certain lot or tract of land located in the northeast corner of Twenty-First avenue and Twenty-third street [here follows a description], upon which plaintiff resided and had a dwelling house, yard, garden, outhouses, and other improvements, and used the same as a homestead; that during the months of June, July, and August, 1910, and on divers other times and dates between the 1st day of January, 1910, and the bringing of this suit, the defendant, by its agents, servants, or employees, acting within the line or scope of their employment, wrongfully diverted large quantities of water out of Twenty-Third street by means of a defective ditch or storm sewer in said Twenty-Third street, which was negligently constructed or negligently maintained in said street by the defendant, and when surface water collected thereon, which it did on divers occasions during the months of June, July, and August, 1910, said

ditch or storm sewer was insufficient to carry the water, and was so negligently constructed that the water therefrom overflowed in and upon plaintiff's said lot, yard, and garden, and the water, mud, and filth from said ditch or storm sewer settled and stagnated thereon and therein, and rendered plaintiff's said premises physically uncomfortable and of less value, and injured plaintiff's health while residing thereon, to her great damage," etc.

ALLEN & BELL, for appellant. A city is liable for damages caused by the construction of a sewer insufficient to carry off the surface waters.—Farnum on Waters and Water Rights, Sec. 254, p. 1135; *Jasper v. Barton,* 1 App. Court p. 472; *Eufaula v. Simmons,* 86 Ala. 515; *Birmingham v. Lewis,* 92 Ala. 352; *Gilmer v. Montgomery,* 26 Ala. 665; Abbott Municipal Corporations, Sec. 960, and note 44; *Avondale .v. McFarland,* 101 Ala. 381; *Arndt v. Cullman,* 132 Ala. 540. A motion for a new trial must state wherein the verdict was contrary to law.—*Winter v. Judson,* 106 Ala. 259. Where the evidence would support a larger verdict than rendered, the verdict cannot be said to be excessive.—*Odom v. Moore,* 147 Ala. 567-73. Matters and things alleged in the complaint are subjects of proof, and proof of such matters and things cannot be said to be immaterial.— *C. of Ga. Ry. v. Windham,* 126 Ala. 552; *Schafer v. Handsman,* 139 Ala. 237. Where the matter objected to was shown by other evidence not objected to, and the matter is not made an issue in the case, the admission of evidence objected to is not prejudicial, even if erroneous.—*Hill v. State,* 146 Ala. 51; *Adair v. Stovall,* 148 Ala. 465; *B. R. L. & P. Co. v. Long,* Court of App. in MSS. A witness who has had an opportunity to know values, may give his opinion in reference thereto.—Code

of Alabama, 1907, Section 3960. For a permanent injury, the entire damages may be recovered in one and the same action.—*Highland Avenue Ry. v. Mathews*, 99 Ala. 24. A sewer, built as this one was, is a permanent structure; and, if a nuisance at all, is a permanent nuisance.—6 Words & Phrases, p. 5313; 29 Cyc. p. 1154; Wood on Nuisances (2nd Ed.), p. 1005; Wood on Nuisances (3rd Ed.), Vol. 2, p. 869; *Troy v. Cheshire Ry. Co.*, 23 N. H. 101 (55 Am. Sec. 187) ; *Lucus v. Marine*, 40 Ind. 289 (Mill dam.) ; *Chicago v. O'Conner*, 46 Neb. 90 (60 N. W. 326) ; *I. C. R. R. v. Ferrer*, 108 Ill. App. 659; *Va. Hot Springs v. McCray*, 106 Va. 461; 10 Am. & Eng. Enc. of Law (2nd Ed.), p. 253; *Paris v. Allred*, 17 Texas Civ. App. 125; 43 S. W. Rep. 62; Gould on Waters, Sec. 416; *Bassell v. Johnson*, 2 N. J. Eq. 154; *B. R. L. & P. Co. v. Long*, Court of App. in MSS. To determine the theory of a complaint or a count, it must be considered as a whole.—*K. C. M. & B. v. Matthews*, 142 Ala. 298. When the defect inheres in the original construction by a city, the question of "notice of defect" has no place in the case.—*Jasper v. Barton*, 1 App. Court, 472.

M. M. ULLMAN, and ROMAINE BOYD, for appellee. Under the complaint plaintiff was not entitled to recover damages for permanent injury, but only for such injury as had been sustained at the time of the bringing of the action. And the court having taken a different view on the trial of the cause, properly set aside the verdict and granted a new trial.—*A. G. S. v. Shahan*, 116 Ala. 302; *Dusenberry's Case*, 94 Ala. 413; *Sloss-Sheffield S. & I. Co. v. Mitchell*, 161 Ala. 278; *Abercrombie v. Windham*, 127 Ala. 179 ; *Polly v. McCall*, 37 Ala. 20; *Roundtree v. Brantley*, 34 Ala. 544; *West P. C. Co. v. Dorman*, 39 Ala. 849 ; *S. A. M. R. R. Co. v. Bu-*

*ford,* 106 Ala. 303; Sutherlin on Damages, secs. 1039-1049.

PELHAM, J.—The case was submitted to the jury on the second count of the plaintiff's complaint, and resulted in a verdict in favor of the plaintiff for $900. The defendant moved for a new trial, and this motion was granted by the court, and this action of the court in setting aside the verdict and granting appellee a new trial is assigned as error.

The motion sets forth many grounds as reasons for setting aside the verdict and granting a new trial; but counsel for appellant and appellee both seem to agree on one thing, and but one thing, in their briefs filed, and that is that the real, substantial question presented to the court for review on this appeal is whether the court, in the trial of the case, proceeded and acted on the proper rule appertaining to the measure of recoverable damages, or departed in its rulings on the evidence and instructions to the jury in this particular, and committed error in permitting a recovery based on an improper measure of damages, under the allegations of the plaintiff's complaint.

The second count of the complaint, as we read it (the reporter will set out this count), is not a claim for permanent injury to the realty directly and necessarily resulting from the construction of the sewer as an injurious construction, but a claim for the injurious consequences resulting from and ascribed to an overflow of water produced by the improper or negligent construction of a storm sewer or ditch, the construction of which did not, of itself, constitute a wrong affording a cause of action. The act complained of is not the construction of the sewer, but the harmful consequences subsequently resulting from it. The complaint predi-

[Ginzler v. City of Birmingham.]

cates a recovery on a consequential injury directly re-
sulting from wrongfully diverting large quantities of
water on the plaintiff's land on divers occasions, and
avers that this was occasioned in consequence of the
negligently constructed or negligently maintained ditch
or storm sewer. In other words, the injury complained
of is not attributed directly to the construction of the
storm sewer without an intervening cause. Nor is the
character of the injury complained of necessarily of a
permanent nature, not abatable or not remediable; and
therefore the whole damage, having reference to the de-
creased value of the fee, could not be properly ascer-
tained or determined. We do not think that the com-
plaint counts on a permanent injury in general to the
land, or that it attributes the damages suffered to the
permanence of the construction complained of, but spe-
cifically claims the damages suffered from the immediate
consequences of the overflows specified and counted on.
The gist of the action is a specific claim for damages
for maintaining a nuisance; and the recovery, under
this count, could only be for the loss or injury com-
plained of and counted on that had accrued at the time
the action was commenced.

"In cases of damage by nuisance, it is considered that
the injurious consequences resulting from the nuisance,
rather than the act which produces the nuisance, is the
cause of action, and hence it is held that the cause of
action does not arise until harmful consequences occur,
and damages are estimated to the time of bringing the
suit; damages to occur subsequently, as the conse-
quences of the continuance of the nuisance, being left for
remedy by subsequent suits.—*Polly v. McCall,* 37 Ala.
20; *Rountree v. Brantley,* 34 Ala. 544 [73 Am. Dec.
470] ; *West Pratt Coal Co. v. Dorman* [161 Ala. 389],
49 South. 849 [23 L. R. A. (N. S.) 805, 135 Am. St. Rep.

127, 18 Ann. Cas. 750]."—*Sloss-Sheffield Steel & Iron Co. v. Mitchell,* 161 Ala. 278, 285, 49 South. 851, 853.

"If the thing complained of is not necessarily injurious, or is not the invasion of the rights of another, of itself affording no cause of action, then whatever of legal injury may result from it furnishes a cause of action accruing when the injury occurs."—*S., A. & M. Ry. v. Buford,* 106 Ala. 303, 313, 17 South. 395, 398.

The case made by this count of the plaintiff's complaint is not like the case cited by appellant, of *Highland Ave. & Belt Ry. Co. v. Matthews et al.,* 99 Ala. 24, 10 South. 267, 14 L. R. A. 462, and similar cases, where the cause of action was to redress a wrong for the change in the grade of a street permanently impairing the value of the abutting land. In this class of cases the nuisance complained of is not abatable or remediable; and the construction complained of is necessarily injurious and the invasion of the rights of the landowner, and of itself affords a cause of action, without regard to the intervening cause. The cause of action in this class of cases arises as a natural and proximate result of the act complained of in changing the grade, which is a wrong within itself affording a cause of action, upon which the whole damage may be ascertained and recovered; and the proper measure of damages in such case is the decrease in actual value of the property occasioned by the construction thus made. But in the instant case the allegations of the complaint state a cause of action arising out of the injurious consequences resulting, not from the wrongful act of constructing the sewer as affording a cause of action, but from the subsequent injurious occurrences accruing therefrom; and it is these occurrences which, under the allegations of the complaint, furnish the cause of action, and the measure of damages is necessarily different; for each recurr-

ing overflow confers a new right of action.—*A. G. S. R. R. Co. v. Shahan,* 116 Ala. 302, 22 South. 509; *S., A. & M. Ry. Co. v. Buford,* 106 Ala. 303, 17 South. 395.

It is suggested by the appellant that the proof showed the construction complained of to be a conduit built of cement or concrete, some 3,000 feet in length, with a circular sewer space of 4 feet in diameter, constructed underground, and that such a structure is permanent. The allegations in the complaint should state the facts constituting the cause of action relied on (*Fid. & Deposit Co. of Md. v. Walker et al.,* 158 Ala. 129, 142, 48 South. 600), and it is not averred in the complaint that the structure is permanent; it is only described as "a ditch or storm sewer," and the proof cannot be looked to for the purpose of strengthening the allegations of the complaint in determining the nature of the cause of action, any more than can damages for permanent injury be proved or recovered without appropriate allegations. "Proof without allegation is as impotent as is allegation without proof."—*A. G. S. R. R. Co. v. Cardwell,* 171 Ala. 274, 55 South. 185; *Capital Security Co. v. Holland, infra,* 60 South. 495.

So far as the allegations of the complaint go, the action declared upon was for a nuisance abatable and remediable, and the plaintiff should not have been permitted, in this form of action, to recover for permanent depreciation in the market value of the premises. Even if it should be conceded that the work done on the sewer was of a permanent nature, yet "if a permanent work rightfully done by public authority is yet so negligently done as to cause continuing injury to the plaintiff, it is to be supposed that the negligence will be remedied; and the plaintiff can therefore recover only for loss to the date of his writ."—1 Sedgwick on Damages (8th Ed.), § 95, p. 133, citing, as approval of the text we have quot-

43 CA

ed, among other authorities, *Eufaula v. Simmons,* 86 Ala. 515, 6 South. 47. It is not to be presumed that if the city had wrongfully diverted the flow of water, so that it flooded the plaintiff's premises, as alleged, because of the inadequacy of the facilities constructed for carrying off the diverted water, the city would perpetually continue to maintain this nuisance and never abate it, either by changing the flow of the water, or by increasing the facilities for carrying it off.

The appellant contends that the appellee waived any exception taken to that part of the court's oral charge instructing the jury with reference to the measure of damages, because after the exception had been taken, and the court had given further instructions in an explanatory charge, defendant's counsel announced, "We are satisfied." The bill of exceptions shows that the defendant excepted to two separate portions of the court's oral charge, one part wherein the court instructed the jury that the measure of damages was the depreciation of the market value of the property, and the other portion objected to being that part of the charge in which the court instructed the jury that they might assess any damages to the property which they might find to extend into the future. The court, in an additional charge, corrected and explained this latter part of the oral charge to which an exception had been reserved, and upon the conclusion of this explanatory charge the announcement, "We are satisfied," is shown to have been made and we think this remark of counsel had reference to that latter portion of the charge to which an exception had been separately reserved, and which the court had corrected and explained, and not to that part of the charge to which a separate exception had been previously reserved, in which the court had erroneously stated the rule in reference to the measure of damages

[Ginzler v. City of Birmingham.]

recoverable. But, however this may be, this same question is raised on the rulings on the evidence, made separate grounds of appellee's motion for a new trial.

The order of the court setting aside the verdict of the jury, on the ground that it had erroneously instructed the jury on the measure of damages, and had admitted evidence in support of a finding of such improper and unauthorized damages, was properly made, and the case must be affirmed.

Affirmed.