(112 So. 307)
**CITY OF JASPER v. LACY.** (6 Div. 705.)

Supreme Court of Alabama. April 7, 1927.

1. Municipal corporations ⟐812(4)—Act regulating filing of claims against cities held repealed by subsequent inconsistent act repealing conflicting acts (Acts 1907, p. 836, §§ 95, 200; Acts 1900–01, p. 442, § 44).

Acts 1907, p. 836, § 95 (now Code 1923, §§ 2029–2031), regulating filing of claims against cities in different manner than described by Acts 1900–01, p. 442, § 44, section 200 of act 1907, repealing all conflicting laws, repealed and superseded earlier act.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Trial ⬦191(5)—Oral charges on rights to recover for defective sewer, prefaced by hypothesis that evidence establish necessary facts, held not objectionable.**

In action to recover damages caused by maintenance of defective sewer by city, oral charges as to rights of plaintiff to recover, prefaced by hypothesis that evidence establish facts necessary to plaintiff's recovery, *held* not objectionable, as making assumptions against city.

**3. Municipal corporations ⬦845(7)—Evidence that defective sewer impaired rental value of property and emitted offensive odors entitled plaintiff to more than nominal damages.**

In action for damages caused by maintenance of defective sewer by city defendant was not entitled to charge that no more than nominal damages could be assessed, where evidence tended to show that rental value of plaintiff's property was impaired, and that defective sewer emitted offensive smells which would entitle plaintiff to recover, if anything, more than nominal damages.

**4. Witnesses ⬦268(1)—Cross-examination of officer on time of visit to premises damaged by defective sewer held proper.**

In action to recover damages caused by maintenance of defective sewer by city, question, on cross-examination of county health officer, designed to develop fact that he visited premises after time covered by plaintiff's evidence, was properly admitted.

**5. Appeal and error ⬦1048(5)—Allowance of cross-examination on time of witness' visit to damaged premises, if error, was not reversible, where witness stated he did not remember.**

In action for damages from defective sewer, allowance of question, on cross-examination of county health officer, as to time of visiting premises, if error, was not reversible, where witness stated he did not remember.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action for damages by Mollie L. Lacy against the City of Jasper. From a judgment for plaintiff, defendant appeals. Affirmed.

The following are portions of the oral charge of the court to which exception was taken by the defendant:

"Ordinarily, where a city maintains a sewerage system, it owes the duty to the inhabitants along by that system to maintain it in such way as not to harass or damage or injure the property of another, or the person of another. Now, to maintain a sewerage system, it is not within itself a nuisance; that is, not a violation of a duty, provided it is maintained in a proper manner, of course. The mere maintenance of a sewerage system is not wrongful, and the mere maintenance would not operate to entitle parties to damages on that account, but if it is maintained in such way as to damage, harass, and injure another party, damage to their property or to their person, why—and if that damage is the proximate result of their wrong,—why they would be entitled to damages.

"If, after considering all the evidence in the case, you are reasonably satisfied from the evidence that the material allegations of the complaint have been proven to your reasonable satisfaction, then the plaintiff would be entitled to recover such damages—not exceeding, of course, those claimed in the complaint,—as would reasonably compensate her for the injuries sustained. She would be entitled to recover, if anything at all, the decreased value of the rental of her home during the period that the injuries were committed or done. You have heard the evidence on that. In addition to that, she would be entitled to such damages as would reasonably compensate her for the annoyance to her, injury to her, proximately resulting from the odors, if there were such that were offensive and injurious to her.

"Gentlemen, I said that the city, if it maintained a sewerage system, would be answerable in damages if it maintained it in such a manner or way as to cause damage or injury to another party. Of course, I mean by that if the damages were the proximate result of the wrong, if any, committed by the city; and the mere fact that the system was maintained and that damages resulted would not necessarily entitle the plaintiff to recover, because the city would have the right to be notified of the existence of the leak or the wrong or the damage, in order that it might be remedied, or, if they were not notified, why then they would not be liable, unless the injury or wrong had been committed such a length of time as that the officers or agents of the city in charge of that system would be chargeable with notice. In other words, there might be a leakage in the sewerage system occur and cause an overflow of sewerage that would be offensive to one's sense of smell, and yet they would not be liable in damages on that account alone, unless the officers knew it or had notice of it, or unless it has continued for such a length of time as that they would ordinarily in the discharge of their duties learn about it or be put on notice of it, because, as I said before, the mere operation of a sewerage system is not per se or of itself a nuisance or a wrongful act; but if there has been a leakage or an overflow of the sewerage in such way as to damage the plaintiff, and if, under the circumstances, it was the duty of the officers of agents of the city in charge of that sewerage system to know about it, and they did not know about it, that wouldn't excuse them, because, under certain circumstances, it would be their duty to find out whether or not the sewerage system is being maintained in a proper way."

Charles R. Wiggins, of Jasper, for appellant.

The complaint was subject to objection that it did not show a compliance with the charter of the defendant, and for claiming damages to person, showing no injury to property right. Local Acts 1900–01, p. 410: Hughes v. Auburn, 161 N. Y. 96, 55 N. E. 389, 46 L. R. A. 636; Dillon, Mun. Corp. (5th Ed.) p. 3057; Treadwell v. Tillis, 108 Ala.

262, 18 So. 886; Brannon v. Birmingham, 177 Ala. 419, 59 So. 63; Bland v. Mobile, 142 Ala. 142, 37 So. 843; Code 1923, §§ 11, 2029, 2031. Plaintiff was entitled to no more than nominal damages. Dillon, Mun. Corp. (5th Ed.) § 685.

Sowell & Gunn, of Jasper, for appellee.

The complaint was not subject to demurrer or motion to strike. Jeff. Fertz. Co. v. Rich, 182 Ala. 633, 62 So. 40; Yolande C. & C. Co. v. Pierce, 12 Ala. App. 439, 68 So. 563; Lamb v. Roberts, 196 Ala. 679, 72 So. 309, L. R. A. 1916F, 1018; City of Bessemer v. Pope, 212 Ala. 16, 101 So. 648; Shelby Iron Co. v. Greenlea, 184 Ala. 496, 63 So. 470; Acts 1900–01, p. 410; Acts 1907, p. 790, §§ 49, 95, 200; Code 1923, § 2031; Town of Lineville v. Gauntt, 20 Ala. App. 135, 101 So. 154. As to measure of damages, see City of Birmingham v. Shirley, 209 Ala. 305, 96 So. 214; Morgan Pav. Co. v. Shoemaker, 213 Ala. 625, 105 So. 884.

SAYRE, J. Action by appellee against appellant, claiming damages for that defendant maintained a defective sewer in close proximity to the residence of plaintiff, so that "quantities of excrement and filth oozed, leaked, or flowed from out of said sewer and thereby noisome, noxious, offensive, and unwholesome smells, vapors, and stenches * * * ascended and came unto and into the said premises of plaintiff, and * * * greatly damaged, annoyed, and incommoded plaintiff and her family in their habitation of the premises."

[1] The main objection taken by defendant's demurrer was that the complaint failed to show a compliance with section 44 of the Act approved December 13, 1900 (Acts 1900–01, p. 410 et seq.), entitled an act "to establish a new charter for the city of Jasper, Walker County, Alabama," providing, in short, that no suit could be maintained against the city until application had been made to the board of mayor and aldermen for payment. The claim, it must be conceded, was for personal injury in part at least (Birmingham v. Ingram, 212 Ala. 552, 103 So. 599), but the suit was not governed by the act referred to, for the reason that it was superseded by section 95 of the General Act approved August 13, 1907 (Acts, p. 790 et seq.), now sections 2029, 2030, 2031, of the Code, providing for the organization, incorporation, government and regulation of cities and towns, etc., and regulating the same subject in a manner different from that prescribed by section 44 of the special or local act of December 13, 1900. Section 200 of the general municipal corporation law, supra, provided:

"That all laws and parts of laws, both general and special, in conflict herewith be and the same are hereby repealed."

This had effect to repeal the section of the Jasper incorporation act. The complaint alleged a compliance with this section of the Code. It follows that defendant's demurrer, and, of course, its motion to strike on the same ground, were properly overruled.

The same reason leads to the conclusion that the trial court committed no error in sustaining demurrers to several special pleas filed by defendant, nor in refusing the general charge requested by defendant on the ground that section 44 of the special charter of Jasper had not been complied with; the proof showing a compliance with the general municipal incorporation law.

[2, 3] We find no fault in those parts of the court's oral instruction to which exceptions were reserved. Those parts of the charge assume nothing against the defendant. Everything said by the court in reference to the assessment of damages was prefaced by an hypothesis, in effect that the evidence established facts necessary to plaintiff's recovery. Any other objections taken against the charge are answered by Birmingham v. Ingram, supra, and the several cases there cited. Nor was defendant entitled to the charge that no more than nominal damages could be assessed. There was evidence tending to show that the rental value of plaintiff's property was impaired during the time in which defendant's sewer was allowed to remain in a state of disrepair, discharging filth and emitting noisome odors, and this, as well as the annoyance of the situation thus provided, entitled plaintiff to recover, if anything, more than merely nominal damages.

[4, 5] Several rulings on evidence are mentioned in defendant's (appellant's) brief under the head of "propositions." They are not considered as needing special treatment. However, defendant calls special attention to one ruling to which we will refer. Dr. Waldrop, city and county health officer, was examined by defendant. He mentioned a visit to the premises and on cross-examination was asked a question the answer to which might have been expected to develop the fact that he only made the visit in November (after the time covered by the evidence for plaintiff) and on the suggestion of Dr. Stovall. We see no impropriety in the question on cross-examination. But, in any event, there was no reversible error in overruling defendant's objection, because the answer was that witness did not remember.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.