(126 So. 859)

CITY OF BIRMINGHAM v. GREER.

6 Div. 120.

Supreme Court of Alabama.

Jan. 16, 1930.

Rehearing Denied April 3, 1930.

[1] Ante, p. 224.
[2] Ante, p. 2.

Horace C. Wilkinson and Fitts & Fitts, all of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

FOSTER, J.

This is an action against the city for negligently maintaining a part of its system of sanitary sewers as that sewage, sewage water, and foul and noxious matter was discharged in plaintiff's residence, rendering it unhealthful and undesirable and caused sickness, inconvenience and annoyance, and mental pain and anguish. That this occurred on December 24, 1926, and February 18, 1929. The city is not charged with negligent or wrongful construction of the sewerage system, but only its negligent or wrongful maintenance. It appears that it was a part of the system of Woodlawn which was taken into the city of Birmingham, and there was evidence that at the time alleged it was maintained by the city of Birmingham.

When a city constructs or maintains sanitary sewers, it has been held in Alabama to be responsible for the careless and negligent manner in which it discharges that duty.

Sisco v. Huntsville (Ala. Sup.) 124 So. 95;[1] Arndt v. Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922; Birmingham v. Crane, 175 Ala. 90, 56 So. 723; Birmingham v. Kircus, 19 Ala. App. 614, 99 So. 780; Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Montgomery v. Stephens, 14 Ala. App. 274, 69 So. 970; Ginzler v. Birmingham, 6 Ala. App. 666, 60 So. 976. Some of these authorities also hold that if the city negligently provided or maintained an insufficient outlet for its sewerage system and caused water and sewage to accumulate on property resulting in damage, it is liable. Counts A and F, on which this case was tried, charge negligent and wrongful maintenance of sanitary sewers.

The city contends that it is entitled to the affirmative charge because under the act approved February 28, 1901 (Acts 1900—01, p. 1702), applying to Jefferson county, it was by section 13 required to maintain its connection with the county trunk sanitary system provided by that act, and that such county system did not have sufficient outlet, and such insufficiency was the cause of the want of proper discharge of the city's system. The theory is probably sound, if the facts were sufficient to that end.

The purpose of that act relates to sanitary sewers and not to storm sewers. This is indicated in its title and its whole spirit. The local sewers of cities and towns mentioned in section 13 evidently refer to sanitary and not storm sewers. If therefore the city in time of floods negligently turned, or allowed, its storm waters to flow into the sanitary system with notice of the insufficiency of the county sanitary sewers to care both for the sanitary sewage and the storm waters, and if by reason of so doing the damage resulted to plaintiff as alleged in the complaint, we think it would be negligent maintenance of the sanitary sewerage system as so alleged. Greiner Bldg. Corp. v. Cheektowaga (Sup.) 181 N. Y. S. 759; Sisco v. Huntsville, supra.

If the city sanitary sewers, during the management of the city and by its authority or with knowledge of the conditions, had become overloaded, and thereby rendered too small for the service required of them, and the city allowed this condition to exist or continue after notice, when with reasonable diligence it could have remedied the condition, that would be a negligent maintenance. Arndt v. Cullman, supra; Macon v. Macon Paper Co., 35 Ga. App. 120, 132 S. E. 136; 43 C. J. 1036.

Appellant invokes a principle which would relieve it from liability for errors of judgment in planning and executing a general system of drainage, including the size and levels of the drains and sewers when its officers follow the advice of skillful engineers.

43 C. J. 1125; 6 McQuillen Municipal Corporations (2d Ed.) § 2866. But while this principle seems to be well supported, there is also a well-supported limitation, to the effect that following the advice of skilled engineers in that matter is not a justification for the failure to exercise due care and not be negligent either in executing such plans or in maintaining the system after it is built. Birmingham v. Crane, 175 Ala. 90, 56 So. 723; 43 C. J. 1126; 6 McQuillen on Municipal Corporations (2d Ed.) § 6867, Exception No. 3, p. 922.

Assuming that the city undertook its maintenance, it was a duty owing by it to supply a remedy which experience may have demonstrated was needed. Birmingham v. Crane, supra; Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; Beiker v. Cullman, 178 Ala. 662, 59 So. 625; 6 McQuillen Municipal Corporation (2d Ed.) § 2863, p. 914. "Though a city does not construct a culvert, where it uses and maintains it as a part of its sewerage system, it is bound to use reasonable care to protect the public against danger arising from its negligent maintenance." Vaccarini v. New York, 54 Misc. Rep. 600, 104 N. Y. S. 928.

There were conflicting tendencies of the evidence. That for plaintiff that the sanitary system of the city was insufficient and had become inadequate in the section in which the property of appellee was situated, known to appellant, or that storm waters were negligently or wrongfully allowed in them. For the city, that the condition was due to natural causes which could not be remedied with reasonable effort and engineering skill. The issue was therefore properly left to the jury.

Appellant also claims that there was error, in that the circuit court permitted the jury to consider the physical and mental consequences to appellee of the obnoxious and unsanitary conditions, on the theory that one may only recover for property damage as a consequence of such conditions. Appellant admits that this court took a different view in the case of Jasper v. Lacy, 216 Ala. 26, 112 So. 307. It is claimed that the court did not duly consider the subject in that case, and appellant cites the cases mentioned in one note in 43 C. J. 1139, from a text stating that some state courts so hold; but the note also cites many holding a contrary view. Upon examination we find an apparent conflict in the authorities. In the case of Birmingham

Water Works Co. v. Martini, 2 Ala. App. 652, 56 So. 830, the Court of Appeals sustained a claim for injury to feelings, mental harassment, as an element of actual damage in a nuisance case. In the case of Eufaula v. Simmons, 86 Ala. 515, 6 So. 47, this court held that sickness and unhealthy conditions caused by an actionable overflow of one's premises was a proper element of damages. In the case of Ala. Fuel & Iron Co. v. Baladoni, 15 Ala. App. 316, 73 So. 205, it was held that fright resulting in physical and mental anguish was recoverable in case of firing a pistol, though there was no physical contact with the aggrieved party. So inconvenience and annoyance resulting from the wrongful cutting off of a water supply is recoverable in connection with pecuniary loss. Birmingham Water Works Co. v. Watley, 192 Ala. 520, 68 So. 330; Ala. Water Co. v. Barnes, 203 Ala. 101, 82 So. 115. Our judgment is that the statement referred to in Jasper v. Lacy, supra, is well supported and conforms to other like applications of this nature of claim of damages.

We might be willing quite fully to agree with appellant that the difference in market value of the property of appellee, due to matters of which complaint is made, is not a proper item of damage unless the condition be permanent in nature, as stated in Ginzler v. Birmingham, 6 Ala. App. 666, 60 So. 976. But the record shows that no evidence to that effect was given by the witness to which the assignments of error relate.

The court committed no reversible error in refusing charge No. 23, because, if for no other reason, it is not expressed "in the correct and appropriate terms of the law," though a proper expression of it would be less favorable to appellant. Bush v. State, 211 Ala. 1, 100 So. 312; Cain v. Skillin, 219 Ala. 228, 121 So. 521; Ala. Lime Works v. Adams, 218 Ala. 647, 119 So. 853. See, also, Jones v. State, 213 Ala. 390, 104 So. 773.

We are not willing to disturb the ruling of the court on the motion for new trial. We have considered all the assignments and reached the conclusion that while all of them do not need special treatment, there was no reversible error shown in any.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.