(130 So. 83)
### HARRIS v. TOWN OF TARRANT CITY.
6 Div. 691.

Supreme Court of Alabama.
June 28, 1930.

Rehearing Denied Oct. 9, 1930.

G. M. Edmonds, of Birmingham, for appellant.

Miller, Graham & Wingo, of Birmingham, for appellee.

FOSTER, J.

On August 29, 1928, appellant sued appellee for damages, alleging that plaintiff owned a certain lot on Sloan avenue in defendant city; that defendant on or about June 1, 1928, constructed a large open ditch ten feet wide and six feet deep in front of his lot along said avenue, containing a turn of ninety degrees, all for draining surface and storm water in that section of the city; that plaintiff was by the ditch cut off from crossing the avenue; that it is dangerous to the life and health of plaintiff and family, and has greatly decreased the value of his property; that in seasons of rain dirt, silt, sand, filth, rocks, decayed vegetables and animal matter, and other débris is carried down said ditch and lodges at the elbow, filling up and causing the polluted water to overflow on plaintiff's property, undermining the foundation of his house, making the same damp and unhealthy.

On August 15, 1929, appellant brought another suit for a less sum, in substantially the same language of the former, except that instead of alleging his ownership of the lot, in the latter suit, it is said that for the past six months he has been in the possession of it and the dwelling on it (the same lot); but does not allege the date of the construction of the ditch.

In the first suit in the last paragraph it is stated that the damage was caused by the wrongful and negligent construction of the ditch; in the second suit in said last paragraph, it is stated that the damage was caused by the wrongful and negligent construction, and allowance of same to remain in unfit and bad repair.

The question we have is whether the pendency of the first suit is the proper basis of a plea in abatement of the second one. The test is sometimes said to be whether a final judgment in the prior suit would be conclusive between the parties and operate as a bar to the second. Kaplan v. Coleman, 180 Ala. 267, 60 So. 885; Foster v. Napier, 73 Ala. 595.

The principle is that the latter action is deemed unnecessary, and therefore the judgment in the prior suit would be conclusive and

operate as a bar to the latter. Williams v. Gaston, 148 Ala. 214, 42 So. 552. Another test is whether the proof of one will sustain the other. Western Union Tel. Co. v. Crumpton, 138 Ala. 632, 36 So. 517; Cannon v. Brame, 45 Ala. 262.

The argument which appellant makes **to** reverse the judgment abating the second on account of the pendency of the first is in effect that both suits show that the action is for an abatable nuisance, and that each suit is for the recovery of damages upon the theory that in the former damages may be recovered to the date of its institution, and that in the latter such may be recovered as accrued subsequent to the institution of the former and extending to the date when the latter was begun.

The theory of law as argued is well sustained if applicable. We may restate the rules as follows: For an abatable nuisance the cause of action does not arise until the harmful consequences occur, and each occurrence or recurrence of such damages constitutes a separate cause of action. Alabama Great So. R. R. Co. v. Shahan, 116 Ala. 302, 22 So. 509; Sloss-Sheffield Co. v. Mitchell, 161 Ala. 278, 49 So. 851; Crawford v. Union Cotton Oil Co., 202 Ala. 3, 79 So. 299. But for an injury by a permanent and unabatable condition the damages are estimated on the hypothesis of an indefinite continuance of the nuisance, and thus affecting the permanent value of the property. In such event, one may not recover in successive suits, but his damages are awarded in solido in one action. Sloss-Sheffield Co. v. Mitchell, supra; Crawford v. Union Cotton Oil Co., supra.

The principles of the above cases as now controlled by what is section 235 of the Constitution apply to cities. Section 235 of the Constitution makes a city liable for just compensation for the damages which accrue from "the construction or enlargement of its works, highways, or improvements." Under this section changes in the grade of a street and other improvements of it working damage to adjacent property is held compensable as for a permanent injury. Birmingham v. Evans (Ala. Sup.) 129 So. 50;[1] Eufaula v. Simmons, 86 Ala. 515, 6 So. 47; Avondale v. McFarland, 101 Ala. 381, 13 So. 504; Batterton v. Birmingham, 218 Ala. 489, 119 So. 13.

Likewise, after the improvement is complete the city is responsible for the careless and negligent manner in which it is maintained by it. Birmingham v. Crane, 175 Ala. 90, 56 So. 723; Birmingham v. Greer, 220 Ala. 678, 126 So. 859; City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562.

So that we take it that when a city in the exercise of its duty adopts a system of drainage to care for the rainwater and constructs storm sewers or ditches for that purpose, especially one of the size here considered, it would be treated as of such character as to be embraced in section 235, and could not ordinarily be abated, but it would subject the city to liability for such compensation as is contemplated by the Constitution. But for the negligent maintenance of such sewers and ditches resulting in damages, the liability would not necessarily be controlled by the nature of the structure. The damages for the construction of the improvement is as though it were permanent for that it is not abatable. But for an improper or negligent maintenance the rule applicable to an abatable condition has application.

In some of the cases a single suit unites a claim under both aspects. Such suit should be conclusive of any subsequent suit for damages caused by the construction and the failure of duty to maintain as alleged in the first suit. But would not be conclusive of a subsequent suit for the wrongful maintenance at some other period of time causing a recurrence of damage, though similar to but on a different occasion from that embraced in the first.

The complaint in both cases claims damages for the same injuries produced by the same causes. The phraseology of the last paragraph of each complaint, when considered in connection with the other averments, does not materially distinguish them. They both show that the same damages are claimed in each, on account of the nature of the structure as it affects the value of the property, and, also, the same damages for the overflows due to temporary conditions. We cannot treat the suits, as counsel argues, that they are only for damages resulting on different occasions from the construction of an abatable nuisance; nor for damages resulting on different occasions from an improper condition of the ditch due to abatable causes.

Our conclusion is that the court properly adjudged that the pendency of the prior suit was a sufficient matter for the abatement of the later one. Code, § 5657; Ex parte Adams, 216 Ala. 241, 113 So. 235.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

---

[1] Ante, p. 381.