17 So.2d 669

### CITY OF CLANTON v. JOHNSON.

#### 5 Div. 391.

Supreme Court of Alabama.

April 20, 1944.

472

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellee.

STAKELY, Justice.

Johnnie J. Johnson (appellee) filed a bill in equity against the City of Clanton, a municipal corporation (appellant), to abate an alleged private nuisance and to recover damages. To this bill appellant filed a general demurrer, which was overruled by the court. This appeal is from that decree.

In substance the bill alleges that appellee is the owner of certain described land in Chilton County outside the corporate limits of Clanton, upon which appellee and his family have resided for many years, and that flowing through this place is Walnut Creek; that the land has been used by appellee for many years for domestic purposes and for pasturing, the creek furnishing abundant and wholesome drinking water for his cattle and stock; that about 1935 the corporate limits of Clanton were substantially extended, increasing the population from 1847 to about 4000; that "about four years ago the City of Clanton made extensive improvements and extensions of its sewerage system" so that the number of persons who became users of the sewerage system was greatly increased; that the sewerage system has only one terminal or outflow, which is in Walnut Creek, and that "within the past three or four years, the terminal has been extended" so that the system empties into Walnut Creek without the corporate limits of Clanton and about one-quarter mile from the property of appellee; that the water of the creek, as the same flows

Lawrence F. Gerald and Gerald & Gerald, all of Clanton, for appellant.

through the pastures of appellee, is now poisonous, polluted and unfit and unwholesome for appellee's stock and milch cows to drink; that the waste and discharge from the sewer is left upon appellee's property and from the excrement and matter there emanates offensive and loathsome odors which reach and penetrate the dwelling of appellee.

The method of maintaining and operating the sewerage system, the items of damages, the time of their occurrence, the presentation of appellee's claim and the denial thereof by the appellant, are set forth in paragraphs 4th, 5th and 6th of the bill of complaint, which will be set out in the report of the case, except that the copy of the claim which is attached as Exhibit A need not be set forth. The claim merely reiterates what has already been shown. It contains the following statement:

"Affiant avers that all of said damages as herein set forth have occurred within 6 months from the filing of this claim."

The sole objection to the bill, as raised by the general demurrer, is that the bill has no equity. The theory of the attack on the bill is that its allegations show the creation of the nuisance, if any, in about 1938 when the present sewerage system was installed and that there are no averments in the bill showing that the conditions for the period of six months prior to the filing of the bill were such as to constitute a nuisance.

■■ Under the allegations of the bill, there can be no doubt that when the sewerage system was installed in about 1938, a nuisance was created. § 1081, Title 7, Code of 1940; City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L.R.A.1918F, 1020. Furthermore, damages arising from such a nuisance would be a claim for damages growing out of a tort within the meaning of § 476, Title 37, Code of 1940, as follows:

"All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

In referring to the foregoing statute, this court said:

"An action for pollution of a stream or overflow of land is an action of trespass on the case. That is to say, is a claim for 'damages growing out of tort' within the terms of the statute." Howell v. City of Dothan, 234 Ala. 158, 174 So. 624, 628.

■ Since it is claimed that there are allegations in the bill which show that the damages claimed accrued within six months of the institution of this suit, it is well to remember that bringing suit is a sufficient presentation of the claim. Town of Linden v. American-La France & Foamite Industries, 232 Ala. 167, 167 So. 548; Anderson v. City of Birmingham, 177 Ala. 302, 58 So. 256; Howell v. City of Dothan, supra.

■ But it is not necessary that the nuisance be created within the period of limitation prescribed by the statute. It is sufficient, if within that period damages accrue which are separable and recur not from the installation of the sewerage system, but from its method of maintenance or operation which make it an abatable nuisance. In the present bill it is alleged that "said system is the property of said City of Clanton and is maintained and operated by said City of Clanton as a sanitary sewer for human excrement, waste and discharge, and that said city has provided no septic tank, sewerage disposal system or other chemicals to destroy said waste matter or kill or destroy the same, but that the same flows in one large sewer from the entire population and territorial area of the City of Clanton and empties into Walnut Creek, as herein averred, and plaintiff avers that the operation and maintenance of said sewer is unlawful and wrongful and creates a nuisance under the law."

■ The applicable principle has been stated by this court, speaking through Mr. Justice Foster:

"The theory of law as argued is well sustained if applicable. We may restate the rules as follows: For an abatable nuisance the cause of action does not arise until the harmful consequences occur, and each occurrence or recurrence of such damages constitutes a separate cause of action. Alabama G. S. R. Co. v. Shahan, 116 Ala. 302, 22 So. 509; Sloss-Sheffield [Steel & Iron] Co. v. Mitchell, 161 Ala. 278, 49 So. 851; Crawford v. Union Cotton Oil Co., 202 Ala. 3, 79 So. 299. But for an injury by a permanent and unabatable condition the damages are estimated

on the hypothesis of an indefinite continuance of the nuisance, and thus affecting the permanent value of the property. In such event, one may not recover in successive suits, but his damages are awarded in solido in one action. Sloss-Sheffield [Steel & Iron] Co. v. Mitchell, supra; Crawford v. Union Cotton Oil Co., supra.

"The principles of the above cases as now controlled by what is section 235 of the Constitution apply to cities. Section 235 of the Constitution makes a city liable for just compensation for the damages which accrue from 'the construction or enlargement of its works, highways, or improvements.' Under this section changes in the grade of a street and other improvements of it working damage to adjacent property is held compensable as for a permanent injury. [City of] Birmingham v. Evans [221] Ala. [381], 129 So. 50; [City of] Eufaula v. Simmons, 86 Ala. 515, 6 So. 47; [Town of] Avondale v. McFarland, 101 Ala. 381, 13 So. 504; Batterton v. [City of] Birmingham, 218 Ala. 489, 119 So. 13.

"Likewise, after the improvement is complete the city is responsible for the careless and negligent manner in which it is maintained by it. [City of] Birmingham v. Crane, 175 Ala. 90, 56 So. 723; [City of] Birmingham v. Greer, 220 Ala. 678, 126 So. 859; City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am.Dec. 562.

"So we take it that when a city in the exercise of its duty adopts a system of drainage to care. for the rainwater and constructs storm sewers or ditches for that purpose, especially one of the size here considered, it would be treated as of such character as to be embraced in section 235, and could not ordinarily be abated, but it would subject the city to liability for such compensation as is contemplated by the Constitution. But for the negligent maintenance of such sewers and ditches resulting in damages, the liability would not necessarily be controlled by the nature of the structure. The damages for the construction of the improvement is as though it were permanent for that it is not abatable. But for an improper or negligent maintenance the rule applicable to an abatable condition has application." Harris v. Town of Tarrant City, 221 Ala. 558, 560, 130 So. 83, 84.

The application of the foregoing statement of principle has been recognized by this court in the case of Howell v. City of Dothan, supra, wherein damages were sought because of discharge of sewerage into a stream:

"It may not be out of place to observe, as to damages that are recurring and separable, that the right to recover, as to such damages not barred by statute, is not affected by the fact that other damages of the same character are barred by statute, provided the damages sustained within the statutory period are separable from those that are barred under the statute by the lapse of time." Howell v. City of Dothan, 234 Ala. 158, 162, 174 So. 624.

Other courts have recognized that a sewerage system, though of permanent construction, does not render permanent the nuisance occasioned thereby.

"In Vogt v. Grinnell, 123 Iowa 332, 98 N.W. 782, 783, city sewage polluted a stream and caused a stench to rise from its waters. We quote therefrom:

"' '"The mere fact that the city sewers were of permanent construction did not render the nuisance occasioned by them permanent also, for the municipality had the right at any time to abate it. * * *"' As was said in Hollenbeck v. City of Marion, (116 Iowa 69, 70), 89 N.W. 210, "Modern scientific research has discovered means of disinfecting and deodorizing sewage so that it is practically innocuous. * * * While the system may be said to be permanent, it does not appear that the nuisance created thereby may not at any time be abated by the defendant or by the court." See, also, Pettit v. Town of Grand Junction, (119 Iowa 352), 93 N.W. 381, and Costello v. Pomeroy, (120 Iowa 213), 94 N.W. 490, where it is said * * *. The nuisance consists not in the construction of the sewers in an illegal manner, nor where the city had no right to place them, but in pouring the filth from them into this stream, instead of destroying it by filtration through beds of sand, and the use of a septic tank, thereby rendering the sewage innocuous.'" Ryan v. City of Emmetsburg, Iowa, 4 N.W.2d 435, 441.

The Supreme Court of the United States, speaking through Mr. Justice Brandeis, said:

"Third. By the city it is contended that under the Missouri law a permanent nuisance was created when the disposal plant was installed in 1923; that the cause of action therefor accrued then to the company's grantor; that this cause of action

did not pass to the company, and, indeed, has been barred by the statute of limitations; and that, hence, both injunction and damages should be denied. We have no occasion to determine the scope of the doctrine of permanent nuisance as applied in Missouri; nor need we consider to what extent the local law on that subject would be accepted as controlling in the federal courts. This nuisance has at all times been removable by the device of secondary treatment of the sewage. It may be hereafter abated at any time by the state health authorities requiring such treatment. The city may itself conclude that this should be done in the public interest, financial, or otherwise. Being so terminable, pollution of the creek cannot be deemed to be a permanent nuisance as of the date of the installation of the disposal plant in 1923." City of Harrisonville v. W. S. Dickey Clay Mfg. Co., 289 U.S. 334, 53 S.Ct. 602, 605, 77 L.Ed. 1208, 1213.

According to the allegations of the bill, some of the items of damages were separable and accrued within the six-months period of limitation, as for instance injury from vile odors and damage to appellee's milch cows. This was sufficient to make the bill good as against a general demurrer, even if some of the items of damage might be said to be barred, because a general demurrer tests only defects in substance and all proper amendments are considered to have been made. Equity Rule 14, 1940 Code, Tit. 7 Appendix; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Wood v. Burns, 222 Ala. 650, 133 So. 696.

The decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.